**Richard LAVOIE and Daniel Lavoie**

v.

**DORCHESTER MUTUAL FIRE INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 9, 1989.

Decided July 10, 1989.

Edward Rabasco, Dionne, Croteau & Gosselin, P.A., Lewiston, for plaintiffs.

Paul S. Douglass, Platz & Thompson, Lewiston, for Dorchester Mut.

Roscoe H. Fales, Fales & Fales, Lewiston, for Bourget.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Plaintiffs Richard Lavoie and his son, Daniel Lavoie, brought this declaratory judgment action in Superior Court (Androscoggin County) seeking a declaration that Defendant Dorchester Mutual Fire Insurance Company (Dorchester) must defend them, pursuant to a homeowners insurance policy, in a suit brought by Donald Bourget. The Superior Court (*Alexander, J.*) found Dorchester not obligated to defend and indemnify the Lavoies and thus granted its motion for summary judgment. We vacate the judgment.

In the underlying complaint Bourget sought damages for personal injuries resulting from assault and battery and negligence by the Lavoies. Specifically, Count II of the complaint alleged that the Lavoies "negligently caused personal injury to the Plaintiff...." and that "[a]s a proximate result of the [Lavoies'] negligent actions, [Bourget] has suffered personal injuries to his person...."

Dorchester's policy issued to Richard Lavoie provides liability coverage for personal liability as follows:

If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage to which this coverage applies, we will:

a. pay up to our limit of liability for the damages for which the insured is legally liable; and

b. provide a defense at our expense by counsel of our choice....

The following exclusion limits the above coverage:

1. Coverage E—Personal Liability and coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

> a. which is expected or intended by the insured:

 We recently reiterated that "[t]he scope of a duty to defend is determined by 'comparing the provisions of the insurance contract with the allegations in the underlying complaint. If there is *any* legal or factual basis that could be developed at trial, which would obligate the insurer to pay under the policy, the insured is entitled to a defense.'" *Burns v. Middlesex Ins. Co.*, 558 A.2d 701, 702 (Me.1989) (quoting *J.A.J., Inc. v. Aetna Casualty and Sur. Co.*, 529 A.2d 806, 808 (Me.1987)) (emphasis original). "The correct test is whether a *potential* for liability within the coverage appears from whatever allegations are made." *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 226 (Me.1980) (emphasis original).

 In *Travelers* we held that "precision" is not required in a complaint, and is not necessary for determining a duty to defend. *Id.* Rather, a duty to defend may arise from a "broad, conclusory allegation, such as negligence, which does not include specific factual allegations." *Id.* That the allegations need not include specific facts that are unequivocally within the coverage accords with the requirement of M.R.Civ.P. 8(a)—that a plaintiff's complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 225–26. Even a complaint which is legally insufficient to withstand a motion to dismiss gives rise to a duty to defend if it shows an intent to state a claim within the insurance coverage. *Id.* at 226.

In comparing the underlying complaint with the insurance policy in the present case, we find a duty to defend. The above-quoted exclusion excludes liability resulting from intentional acts. Thus, Bourget's allegation of personal injuries resulting from the Lavoies' negligence shows a potential that liability will be established within the insurance coverage.

The entry is:

Judgment vacated and remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.