**Patricia MULLEN**

v.

**Zachary DANIELS**

v.

**QUICKCARE WALK–IN CLINICS and Continental Insurance Co.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 4, 1991.
Decided Oct. 28, 1991.

55–B" for "sections 54–A or 55–A."

Matthew B. Nichols, Law Offices of James A. Hopkinson, Portland, for plaintiff.

Elizabeth Lancaster Peoples, Hewes, Douglas, Whiting & Quinn, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

McKUSICK, Chief Justice.

This appeal concerns solely the third-party action brought by Zachary Daniels against his employer, QuickCare Walk–In Clinics (QuickCare) of Portland, and its insurer, Continental Insurance Co. (Continental),[1] seeking a declaratory judgment as to their duty to defend and indemnify Daniels in the principal tort action brought against him by plaintiff Patricia Mullen. The case is before us on Daniels' appeal from the affirmance by the Superior Court (Cumberland County, *Perkins, J.*) of District Court orders (Portland, *MacNichol, J.,* and *Rogers, A.R.J.*) entering summary judgment in favor of the third party defendants, QuickCare and Continental.

The tort plaintiff Mullen brought suit against Daniels seeking recovery for property damage to her motor vehicle sustained in a collision between her car and one operated by Daniels that occurred in Portland on Friday, December 23, 1988. Daniels' third-party complaint alleges that at the time of the accident he was working for QuickCare as a courier. QuickCare's business coverage insurance policy, issued to it by Continental and in effect at the time, provided coverage for damage caused by QuickCare employees while operating their own motor vehicles under the following description of covered vehicles:

NONOWNED AUTOS ONLY.

Only those autos you do not own, lease, hire or borrow which are used in connection with your business. This includes autos owned by your employees or members of their households but only while used in your business or your personal affairs.

Daniels filed suit against QuickCare and Continental seeking a declaratory judgment that pursuant to QuickCare's policy Continental must defend and indemnify Daniels against plaintiff's tort claim, and further that QuickCare also was liable to defend and indemnify him as its agent and employee, as well as pursuant to an alleged special term of employment.

The District Court granted a summary judgment in favor of Continental, declaring that Continental had no obligation to defend or indemnify Daniels on the ground that Daniels was not using his motor vehicle in QuickCare's business at the time of the accident. Thereafter, QuickCare moved for a summary judgment on the same ground. The court also granted that motion. On Daniels' appeal taken after

---

1. Because Continental Insurance Co. has raised no question as to the propriety of tort defendant Daniels' impleading it in the pending tort action, we have no reason to decide the issue. *See* 6 C.

Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1449 (1990); *see also* 1 Field, McKusick & Wroth, *Maine Civil Practice* 291 n. 10 (1970).

entry of final judgment on the third-party complaint, the Superior Court affirmed both summary judgments. We, however, direct both orders to be vacated and direct entry instead of a summary judgment in Daniels' favor for part of the relief sought by him, namely, Continental's duty to defend.

## I.

### *Summary Judgment in Favor of Continental Insurance Co.*

Continental and Daniels filed cross-motions for a summary judgment. Continental took the position that QuickCare's policy afforded Daniels no coverage because at the time of the accident he was not operating his vehicle in the "course of his employment." Continental submitted an affidavit of QuickCare's president stating that QuickCare hired Daniels to work Saturdays and Sundays only and that he in fact had not acted as a courier on the Friday night of the accident. Daniels, however, asserted by affidavit that as a condition of his employment, QuickCare required that he own a motor vehicle and that he use the motor vehicle to perform his duties as a courier; that, although the usual time for performing his courier route was in the early mornings on Saturday and Sunday, he had occasionally performed his first route on Friday evenings with the knowledge and authorization of his supervisors at QuickCare; and that at the time of the accident he was "en route to Mercy Hospital, retrieving material as directed by and for the sole benefit of QuickCare."

### A. *Continental's Duty to Defend*

■ The District Court erred in granting a summary judgment in favor of Continental on the issue of its duty to defend Daniels against the underlying tort claim. We have recently reiterated that the obligation of a liability insurance company to defend an action brought against an insured by a third party

> is determined by comparing the provisions of the insurance contract with the allegations in the underlying complaint. If there is *any* legal or factual basis that

could be developed at trial, which would obligate the insurer to pay under the policy, the insured is entitled to a defense. The correct test is whether a *potential* for liability within the coverage appears from whatever allegations are made.

*Lavoie v. Dorchester Mut. Fire Ins. Co.,* 560 A.2d 570, 571 (Me.1989) (emphasis in original) (citations omitted). In short, "an insurer's duty to defend should be decided summarily and in favor of the insured if there exists any legal or factual basis, which could be developed at trial, that would obligate the insurer to pay under the policy." *United States Fidelity & Guaranty Co. v. Rosso,* 521 A.2d 301, 303 (Me. 1987).

In applying the comparison test to the present facts, we examine the tort plaintiff's complaint to determine whether there exists any possibility that Continental would be held to indemnify Daniels. The complaint alleges that on December 23, 1988, Daniels' negligent operation of his motor vehicle caused the tort plaintiff to suffer property damages. Under that pleading, it might well be developed at trial that the collision occurred at a time when Daniels was operating his vehicle "in connection with [QuickCare's] business." In that circumstance Daniels would be covered under the policy's "nonowned auto" provision. Accordingly, we vacate the District Court's summary judgment in favor of Continental on the issue of its duty to defend Daniels and on that issue direct entry instead of a summary judgment in favor of third-party plaintiff Daniels.

### B. *Continental's Obligation to Indemnify Daniels*

■ It was also error for the District Court to grant a summary judgment in favor of Continental on the issue of indemnification. Clearly there is a genuine issue of material fact as to whether at the time of the collision between the tort plaintiff and Daniels, Daniels was already on his courier route. Hence it was improper for the District Court to declare that Daniels was not using his automobile "in connec-

tion with [QuickCare's] business," thereby eliminating the possibility of coverage under the Continental policy. *See* M.R.Civ.P. 56(c).

Nonetheless, because "[t]he insured's duty to indemnify ... may depend on the actual facts or legal theory behind the underlying action against the insured by the injured party," *United States Fidelity & Guar. Co. v. Rosso,* 521 A.2d at 303, we defer any further consideration of Continental's obligation to indemnify Daniels until full development of the facts in the principal tort action so as to enable the trial court to decide whether the insurance contract language requiring indemnification is met in the present circumstances.

## II.

### *Summary Judgment in Favor of QuickCare Walk-In Clinics*

The District Court granted a summary judgment in favor of QuickCare apparently on the same basis as asserted in Quick-Care's motion—that at the time of the accident Daniels, beyond any factual dispute, was "not engaged in work so as to render an employer liable or potentially liable to third persons for the employee's negligent act." Daniels' affidavit, however, put in issue the factual question of the nature and scope of the employment arrangement between him and QuickCare, and that disputed question made summary judgment improper. On this record the District Court could resolve that factual conflict only by a trial, not in a battle of affidavits submitted on a motion for summary judgment.

The entry is:

Judgments vacated; remanded to the Superior Court for entry of the following judgments:

On Daniels' third-party complaint against Continental Insurance Co.: Summary judgment for Continental vacated; case remanded to the District Court for entry of summary judgment declaring that Continental has a duty to defend the principal action brought by Mullen against Daniels.

On Daniels' third-party complaint against QuickCare Walk-In Clinics: Summary judgment in QuickCare's favor vacated.

All concurring.