William **GIBSON** et al.

v.

**FARM FAMILY MUTUAL INSURANCE COMPANY**

Supreme Judicial Court of Maine.

Argued March 6, 1996.
Decided April 10, 1996.

Stephen B. Wade, (orally), Skelton, Taintor & Abbott, Auburn, for Plaintiff.

Robert V. Hoy (orally), Platz & Thompson, P.A., Lewiston, for Defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

RUDMAN, Justice.

Farm Family Mutual Insurance Company appeals from the summary judgment entered in the Superior Court (Oxford County, *Calkins, J.*) in favor of William and Jane Gibson on their breach of contract claim against the insurance company. Farm Family contends that pursuant to the terms of an insurance policy issued by it to the Gibsons it had no duty to defend the Gibsons against two lawsuits brought by neighboring landowners. Farm Family further contends that even if it did have a duty to defend the Gibsons against some counts of the neighbors' suits it

cannot be held to have been obligated to defend those counts that fall outside the Gibsons' policy coverage. Farm Family also contends that the court, having determined that Farm Family breached its contract to defend the Gibsons, erred in awarding the Gibsons attorney fees in their breach of contract action against the insurance company. We find no merit in Farm Family's contentions and affirm the judgment in favor of the Gibsons.

In 1992 neighbors of William and Jane Gibson in West Paris filed lawsuits against the Gibsons alleging various transgressions including tortious interference with potential buyers of the neighbors' property, trespass on the neighbors' property, and violation of the neighbors' civil rights. The Gibsons, who had contracted with the Farm Family Mutual Insurance Company for liability insurance as part of a "Special Farm Package" policy, sought to have Farm Family defend and indemnify them in the pending lawsuits. Farm Family refused, and the Gibsons provided for their own defense. The action, commenced in federal court, was dismissed for lack of jurisdiction, and a summary judgment ultimately was awarded to the Gibsons on all counts in a second complaint filed against them by the neighbors in the Superior Court. The Gibsons then filed this action alleging that Farm Family had breached its contractual obligations by refusing to defend the lawsuits brought by the Gibsons' neighbors. The court granted a summary judgment in favor of the Gibsons, awarding them $14,848.19 in attorney fees and costs incurred in the defense of the underlying lawsuits, plus the amount of attorney fees and costs incurred by the Gibsons in bringing this breach of contract action against Farm Family.

■■■ When reviewing the grant of a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment has been granted and review the trial court's decision for error of law. *Keyes Fibre Co. v. Lamarre*, 617 A.2d 213, 214 (Me.1992) (citations omitted). The Gibsons and Farm Family stipulated to an agreed statement of facts and disputed as an issue of material fact only the amount of the

Gibsons' attorney fees in their breach of contract action. We review the trial court's decisions in matters of law *de novo. Collins v. Trius, Inc.*, 663 A.2d 570, 572 (Me.1995).

I.

■■■ Farm Family contends that, pursuant to the terms of the policy it issued to the Gibsons, it owed no duty to defend the Gibsons and therefore did not breach its contract by refusing to provide the Gibsons a defense. The determination of an insurer's duty to defend is a question of law the court decides "by comparing the allegations in the underlying complaint with the provisions of the insurance policy." *Baywood Corp. v. Maine Bonding & Casualty Co.*, 628 A.2d 1029, 1030 (Me.1993).

■■■ Farm Family has a duty to defend the Gibsons against the claims brought by the neighbors if the neighbors' complaint shows, through general allegations, a possibility that the liability claim falls within the insurance coverage. *Union Mut. Fire Ins. Co. v. Town of Topsham*, 441 A.2d 1012, 1015 (Me.1982).

> There is no requirement that the facts alleged in the complaint specifically and unequivocally make out a claim within the coverage. Moreover, where there is an ambiguity in the language of the policy, the doubt should be resolved in favor of finding that the insurer has a duty to defend the insured.

*Id.* Given the possible existence of any legal or factual basis for payment under a policy, an insurer's duty to defend should be decided summarily in favor of the insured. *Merrimack Mut. Fire Ins. Co. v. Brennan*, 534 A.2d 353, 354 (Me.1987). If the allegations in the underlying tort action are within the risk insured against and there is *any potential basis* for recovery, the insurer must defend the insured regardless of the actual facts on which the insured's ultimate liability may be based. *Id.* An insured is not at the mercy of the notice pleading of the third party suing him to establish his own insurer's duty to defend. *J.A.J., Inc. v. Aetna Casualty & Sur. Co.*, 529 A.2d 806, 808 (Me.1987).

■ By the terms of the Gibsons' policy, Farm Family contracted to provide the Gibsons coverage for "damages" for which the Gibsons are legally liable as a result of "property damage" caused by an "occurrence."[1] Although "damages" is not defined in the policy, we have construed a promise to pay "all sums which the insured shall become legally obligated to pay as damages because of ... property damage" to mean a promise to pay amounts that might be awarded against an insured to "recompense" a third party for damage to the third party's property for which the insured is held legally liable. *Patrons Oxford Mut. Ins. Co. v. Marois,* 573 A.2d 16, 18–19 (Me.1990). A claim that exposes the Gibsons to liability for compensatory damages because of "property damage" caused by an "occurrence" within the policy coverage is a claim within the "damages" coverage provided by the Farm Family policy.

The Gibsons' Farm Family policy defines "property damage" as "physical injury to or destruction of tangible property, including the loss of use of this property." Farm Family argues that a loss of use of property does not constitute "property damage" pursuant to the policy unless the property also suffers physical injury. We interpret a standard policy of insurance, however, "most strongly" against the insurer. *Massachusetts Bay Ins. Co. v. Ferraiolo Constr. Co.,* 584 A.2d 608, 609 (Me.1990). "Property damage" as defined by the Gibsons' Farm Family policy includes the loss of use of tangible property with no accompanying physical injury to that property.

The Gibsons' Farm Family policy extends coverage only to harms that result from an "occurrence," which the policy defines as "an accident, including continuous or repeated exposure to conditions, that result[s] in bodily injury or property damage." The policy specifically excludes from coverage any damages resulting from an intentional act by the insured. Farm Family argues that all the neighbors' allegations against the Gibsons involve intentional acts by the Gibsons and liability for such acts therefore is excluded from coverage by the Gibson's insurance policy. If, however, under any circumstances any of the harms claimed in the neighbors' lawsuits could constitute an accidental unintended consequence of an act allegedly committed intentionally by the Gibsons, the Gibsons' liability for such harm would be the result of an unintentional "occurrence" within the coverage of the Farm Family policy. *See Massachusetts Bay Ins. Co. v. Ferraiolo Constr. Co.,* 584 A.2d at 610.

In their complaints against the Gibsons the neighbors sought, among other things, compensatory damages on the ground that the Gibsons trespassed on their land, confronting potential buyers and discouraging would-be buyers from purchasing the neighbors' land. "The minimum intent necessary for the tort of trespass to land is simply acting for the purpose of being on the land or knowing to a substantial certainty that one's act will result in physical presence on the land." Zillman, Simmons, & Gregory, *Maine Tort Law* § 5.12 at 5–22 (1995). A consequence that follows from being on the land may be unintentional despite the fact that being on the land is intentional. The neighbors' trespass allegation therefore constitutes a possible claim for damages for the loss of use of land within the policy definition of "property damage" resulting from an unintentional act within the policy definition of an "occurrence." Because the neighbors' allegations include a possible claim within the coverage of the Gibsons' policy, Farm Family owed a duty to defend the Gibsons against their neighbors' suits.

## II

■ Farm Family argues that, although under the terms of its insurance contract

---

1. Farm Family's contract with the Gibsons provided in pertinent part:

 WE provide coverage under Section A, BODILY INJURY/PROPERTY DAMAGE, if a claim is made or a suit is brought against an INSURED for damages because of BODILY INJURY or PROPERTY DAMAGE caused by an OCCUR-RENCE to which this coverage applies. WE will: 1. pay up to OUR limit of liability for the damages for which the INSURED is legally liable; and 2. at our expense, provide a defense, make any investigation, or settle any claim.

with the Gibsons the company may owe them a defense against some of the counts brought by their neighbors, the company owes no duty to defend the Gibsons against counts that fall outside the policy's coverage and is not liable for attorney fees and costs incurred by the Gibsons in defending such "outside" claims. We previously have held that in some circumstances the duty of an insurance company to defend one count in a lawsuit imposes a duty to defend all counts. *See Travelers Indem. Co. v. Dingwell,* 414 A.2d 220, 226–229 (Me.1980); *J.A.J., Inc. v. Aetna Casualty & Sur. Co.,* 529 A.2d at 808. On the facts of this case, we reject Farm Family's request that we refine our previous ruling by declaring that an insurer has no duty to defend noncovered counts. In this case all of the neighbors' claims against the Gibsons arise from common issues of fact. All counts involve a dispute over the existence of an easement across the Gibsons' property and the consequences of that dispute to the neighbors and the neighbors' property.

Contrary to Farm Family's assertions, the cost to the Gibsons of defending themselves in court against their neighbors cannot be readily apportioned between the neighbors' claims seeking clarification of title and the neighbors' claims seeking damages for tortious interference with a potential buyer, for trespass to confront potential buyers concerning the easement, and for a property interest deprivation in violation of their civil rights. The trial court did not err as a matter of law in refusing to apportion the costs of covered and noncovered counts and in awarding to the Gibsons as damages for Farm Family's breach of its contract the costs of defending all counts in the underlying action brought by the neighbors.

### III

▮ Farm Family finally contends that neither statute nor common law authorizes the trial court to award the Gibsons attorney fees for pursuing their within breach of contract action against Farm Family. Although we review a trial court's award of attorney fees for an abuse of the court's discretion when the court is authorized to award attorney fees, *Town of Freeport v. Brickyard*

*Cove Assocs.,* 594 A.2d 556, 560 (Me.1991), the court's authority to award attorney fees is a matter of law. A court's authority to award or deny attorney fees may be determined by statute, by the "American Rule" at common law that generally prohibits taxing the losing party in litigation with a successful opponent's attorney fees, or by certain recognized common law authorizations of attorney fees.

▮ The general rule is that a party to a lawsuit, with very limited exceptions, may not recover attorney fees incurred in prosecuting a breach of contract case. *Dodge v. United Services Auto. Ass'n,* 417 A.2d 969, 975 (Me.1980). We have recognized, however, that the special relationship between insurer and insured entitles an insured in certain circumstances to an award of attorney fees incurred in establishing the insurer's duty to defend. In particular, we have recognized as appropriate an award of attorney fees to the insured who successfully defends a declaratory judgment action brought by an insurer claiming no duty to defend although the insurer's duty is clear under prevailing law.

> Because the liability insurer's duty of defense is so extensive and the burden on the insured of a breach of that duty is likely to be so heavy, we conclude that the insurer should not enjoy the usual freedom to litigate without concern about the possibility of having to pay the other party's attorneys' fees. When the duty to defend is clear from the policy and pleadings ... the insured should be entitled to his reasonable attorneys' fees in defending the declaratory judgment action as an element of damages for the insurer's breach of its contract obligation.

*Union Mut. Fire Ins. Co. v. Town of Topsham,* 441 A.2d at 1019. In deciding *Union Mut. Fire Ins. Co.* we explicitly reserved judgment on the question of awarding attorney fees when the insured brings an action to compel an insurer to defend. *Id.* at 1019 n. 8. We hereby declare that judgment. When it is an insurer's clear duty to defend and the insurer wrongfully refuses to do so on the ground that the claim upon which the action against the insured is based is not within the

coverage of the policy, the insurer is guilty of a breach of contract that renders it liable to pay such damages as will place the insured in a position equally as good as the insured would have occupied had the insurance contract been fully and properly performed from the beginning. The obligation on the insurer of fair dealing with its insured and the burden on the insured in the event of an insurer's failure to defend justify an award of attorney fees to an insured who successfully pursues an action for breach of contract when the duty to defend is clear, pursuant to prevailing Maine law, from the policy and the pleadings of the suit filed against the insured.

 Neither the rule adopted in *Union Mut. Fire Ins. Co.* for declaratory judgment actions brought by the insurer nor the extension of the rule declared here for breach of contract actions brought by the insured recognizes an absolute right of recovery of attorney fees for an insured who successfully litigates a duty to defend. In both circumstances attorney fees are available to the insured only when the insurer resists a duty to defend that is clear from the policy and the pleadings filed against the insured, as here. In determining whether a duty to defend is clear, the insurer will be held to recognize Maine law prevailing at the time of the insured's request for defense.[2] The fact that an insurer legitimately may conclude it has a duty pursuant to Maine law to defend only some of several claims leveled against its insured does not absolve the insurer of liability for attorney fees when it refuses to defend, as Farm Family did here.

 The court did not err in awarding attorney fees to the Gibsons for the expenses they incurred in bringing this breach of contract action against Farm Family when it was clear from the policy and the pleadings that pursuant to Maine law at the time of the Gibsons' request for a defense at least some of the claims lodged against them fell within the coverage provided by their Farm Family policy.

The entry is:

Judgment affirmed. Remanded for determination of attorney fees for the appeal.

All concurring.

**2.** We advisedly omit any reference to the subjective and often misleadingly pejorative concept of "bad faith" on the part of an insurer in establishing an insured's right to attorney fees when an insured unjustifiably refuses to defend. We rely instead on direct evaluation of the insurer's clear responsibility for coverage pursuant to prevailing Maine law.