STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-97-447 ✓
/VM- CUM- 8/3/2000

YORK INSURANCE GROUP
OF MAINE,

        Plaintiff

    vs.

RICHARD O. LAMBERT,
DAVID LAMBERT, as Co-Special
Representative of the Estate of
Hugh A. Graff, Deceased,
and
MARGARET UMBAUGH,
Personally and as Co-Special
Representative of the Estate of
Hugh A. Graff, Deceased,

        Defendants

                          JUDGMENT

Jury-waived trial on counts I-IV (breach of contract, violations of 24-A M.R.S.A. §§ 2436 & 2436-A, and breach of duty of good faith and fair dealing) of defendant and counterclaim plaintiff Richard Lambert's counterclaim was held on 6/16/00. Final submissions were due by 7/10/00.

Mr. Lambert was served with the complaint filed by Margaret Umbaugh and David Lambert (the Umbaugh case) on 9/17/96. See Counterclaim Plaintiff's Exhibit 1. Attorney Kearns began his representation of Mr. Lambert on 10/3/96. See Joint Exhibit 54. Attorney Lilley was retained on 5/28/97. See Joint Exhibit 25. York Insurance Group of Maine (York) received notice on 10/15/96 of the complaint. See Joint Exhibits 1, 4. Coverage was denied on 11/14/96. See Joint Exhibit 3. York took over the cost of defending the Umbaugh case on 4/29/98. Richard Lambert seeks

attorney fees, costs, interest, and sanctions regarding the Umbaugh case and this declaratory judgment action.

## COUNT I

### Umbaugh Case

Counterclaim plaintiff's exhibit 4 outlines the amounts sought to be recovered by Mr. Lambert with regard to the Umbaugh case.

### Attorney Kearns

Based on Mr. Lambert's notes, he paid $17,500.00 to Attorney Kearns before the company assumed Mr. Lambert's defense. Although it is indeed rare - perhaps unique - for a client to keep track of his attorney's time, the court does not find that the time is inflated and concludes that the time was devoted to the Umbaugh case. Attorney Kearns's hourly rate is certainly reasonable. Mr. Lambert should be reimbursed for the amounts paid to Attorney Kearns for time spent trying to procure Mr. Lambert's defense. Deductions from $17,500.00 include time devoted to drafting a will (1.3 hours), time devoted to the declaratory judgment issues (10.2 hours), and time which appears unnecessary or duplicitous after Attorney Lilley was hired (19.75 hours).

### Attorney Lilley

Mr. Lambert signed a fee agreement with Attorney Lilley and paid a non-refundable retainer of $25,000.00 for fees and a refundable advance of $25,000.00 for costs. See Joint Exhibits 25-27. Approximately $5,400.00 of the fee retainer was unused at the time York assumed the cost of the defense. Mr. Lambert assumed that

2

that money would be used for the declaratory judgment action. He received no refund from the fee retainer. Mr. Lambert received a refund of $22,847.65 from the cost retainer. See Joint Exhibit 32.

Other Attorneys

The majority of the time devoted to the Umbaugh case by other attorneys will not be reimbursed because (1) the time was spent before service of the complaint, (2) the time was spent after Attorney Kearns and or Lilley were retained, or (3) the court cannot determine the date and amount of time spent. See Joint Exhibits 13-23.

The court orders the following amounts to be paid:

| | |
|---|---|
| Raoul Paradis, Esq. | $972.75 |
| Robert Brown | none |
| McCandless & Hunt | none |
| Warren & Currier | none |
| Kearns | $15,000.00 |
| Daniel G. Lilley | $21,752.35 |
| John R. Kugler | none |
| Pieske Reporting Service | $437.15 |
| Electronic Recording Division | none |
| Dr. Higgins | $250.00 |
| Postage (partial) | $7.62 |
| Copies (partial) | $4.00 |
| Working lunch - Randall | none |
| Ocean Exposure (trial photos) | $40.07 |

3

## Declaratory Judgment Action

Mr. Lambert seeks reimbursement of the attorneys' fees and costs incurred in the appeal of the Umbaugh case and in this declaratory judgment action. Those amounts include $5,400.00 paid to Attorney Lilley, $816.00 paid to Attorney Kearns, and $17,955.24 paid to Attorney Hallett.

A duty to defend is determined by comparing the complaint with the terms of the insurance policy. Any potential basis for recovery revealed by that comparison requires the insurer to defend. See York Ins. Group of Maine v. Lambert, 1999 ME 173, ¶ 4, 740 A.2d 984, 985, quoting Penney v. Capitol City Transfer, Inc. 1998 ME 44, ¶ 4, 707 A.2d 387, 388; Elliott v. Hanover Ins. Co., 1998 ME 138, ¶ 6, 711 A.2d 1310, 1312. When the duty to defend is clear from the policy and pleadings, the insured is entitled to recover reasonable attorneys' fees incurred in successfully defending the insurer's declaratory judgment action. See Maine Mut. Fire Ins. Co. v. Gervais, 1999 ME 134, ¶6, 745 A.2d 360, 362. The right to recover fees is not absolute. See Gibson v. Farm Family Mutual Ins. Co., 673 A.2d 1350, 1355 (Me. 1996).

In York Ins. Group of Maine v. Lambert, the seven Law Court justices agreed that the Superior Court erred in considering discovery responses in determining the duty to defend. See York, 1999 ME 173, ¶¶ 5, 9, 740 A.2d at 985-86. Four justices determined that York had a duty to defend. The three dissenting justices determined, however, that

> [t]he complaint includes no allegations of emotional distress, bodily injury or property damage to generate a duty to defend under the York Insurance policy. The duty to defend is not derived from the face of the

4

complaint but from speculation that proof of one of the economic torts alleged might 'carry the possibility of an award for emotional distress.'

See id., 1999 ME 173, ¶ 11, 740 A.2d at 986. Based on the comparison test, York did not resist a duty to defend that was clear from the policy and pleadings based on prevailing Maine law and did not violate its obligation to deal fairly with its insured.

After the Law Court's decision, the duty to defend was clear. York argues, however, that after the Law Court's decision, the declaratory judgment action was over and that based on the American Rule, which requires a litigant's payment of his own attorney's fees, Mr. Lambert is not entitled to attorney's fees in pursuing his counterclaim. The fees incurred by Mr. Lambert in pursuing his counterclaim are recoverable as damages resulting from York's breach of contract. See Yaffie v. Lawyers Title Ins. Corp., 1998 ME 77, ¶ 11, 710 A.2d 886, 890; Gibson, 673 A.2d at 1354-55. The time spent after the Law Court decision by Attorney Hallett, his hourly rate, and the costs incurred are reasonable.

## COUNTS II, III, & IV

The plaintiff did not violate the provisions of the Insurance Code. 24-A M.R.S.A. §§ 2436(1), (2) & 2436-A(1)(A), (B), (D) (2000). The plaintiff did not breach a duty of good faith and fair dealing with its insured. See Marquis v. Farm Family Mut. Ins. Co., 628 A.2d 644, 648 (Me. 1993).

The entry is

Judgment is entered in favor of Defendant/Counterclaim Plaintiff Richard Lambert and against the Plaintiff/Counterclaim Defendant

York Insurance Group of Maine on Count I of the Counterclaim in the amount of $45,939.77 ($38,463.94 + $7475.83) plus interest and costs.

Judgment is entered in favor of the Plaintiff/Counterclaim Defendant York Insurance Group of Maine and against the Defendant/Counterclaim Plaintiff Richard Lambert on Counts II, III, and IV of the Counterclaim.

Date: August 3, 2000

Nancy Mills
Justice, Superior Court

CUM CV-97-447

Date Filed __07-16-97__  CUMBERLAND  Docket No. __CV-97-447__

County

Action __DECLARTORY JUDGMENT__

DONALD L. GARBRECHT

LAW LIBRARY

AUG 21 2000

YORK INSURANCE GROUP OF MAINE

RICHARD O. LAMBERT
DAVID LAMBERT
MARGARET UMBAUGH

vs.

Plaintiff's Attorney
NOAH D. WUESTHOFF, ESQ./Christopher Dinan Esq
P.O. BOX 7046
PORTLAND, MAINE  04112-7046
774-3906

Defendant's Attorney
MARK-L.-RANDALL-ESQ.--774-6206
PO BOX 4803, PTLD ME 04112

MATTHEW POLLACK, ESQ 725-2477
PO BOX 250 TOPSHAM, ME 04086
JAMES P.HANNON, ESQ  (603) 335-0272 (David)
PO BOX 1756, ROCHESTER NH 03866-1756

THOMAS HALLETT ESQ  (Lambert)
PO BOX 7508 PM 04112  775-4255

| Date of Entry | |
|---|---|
| 1997 July 17 | Received 07-16-97: Complaint Summary Sheet filed. |
| " " | Complaint for Declaratory Judgment with Exhibit A filed. |
| " " | Summons filed. Defendant, Richard O. Lambert Served on June 28th, 1997. |
| Aug. 08 | Received 08/08/97: Entry of Appearance of Mark L. Randall Esq. for Defendant, Richard Lambert filed. |
| " " | Defendant, Richard Lambert's Answer to Plaintiff's Complaint filed. |
| 1998 May 28 | Received 05-26-98: Acceptance and Conset for Services filed. Margaret Umbaugh served to Matthew E. Pollack, Esq. on 05-15-98. |
| " " | David Lambert served to James Shannon, Esq. on 05-19-98. |
| July 10 | Received 07-09-98: Defendant Margaret Umbaugh's Answer filed. |
| July 20 | Received 07-17-98: Plaintiff's Case File Notice and Pretrial Scheduling Statement and Jury Demand filed. |
| " " | Plaintiff's Notification of Discovery Service filed. Plaintniff's Request for Production of Documents and Plaintiff's Request for Admissions served on Mark L. Randall, esq. on 07-16-98. |
| July 21 | Received 07-20-98: Plaintiff's Motion and Memorandum of Law in Support of Motion to enforce Settlement Agreement with Attachments filed. |
| " " | Affidavit of Noah D. Wuesthoff filed. |
| " " | Plaintiff's Notice to All Parties filed. |
| " " | Plaintiff's Request for Hearing filed. |
| July 22 | Received 07-22-98: Defendant David Lambert's Answer filed. |