STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-291

PAF - YoR - 1/28/2002

YORK GOLF AND TENNIS CLUB,
et al.,

Plaintiffs

v.

DECISION
AND
ORDER

DONALD L. GARBRECHT
LAW LIBRARY

FEB 13 2002

TUDOR INSURANCE COMPANY,

Defendant

In August of 2000 the York Golf and Tennis Club (York) held its annual meeting to elect directors. A dispute arose concerning the conduct of the election and whether defamatory statements were made. A complaint was brought by Robert Reilly, an unsuccessful candidate for election as a director, and his supporters against York and several individuals. The first amended complaint consisted of six counts. The first four sought either preliminary or permanent injunctive relief regarding the composition of the board of directors. Monetary damages were not sought in Counts I-IV. Count V was a defamation count seeking a monetary judgment while Count VI sought punitive damages. While that case is now resolved, its outcome is immaterial to the present case.

York was insured by the current defendant Tudor Insurance Company which declined to defend York. York and its directors have sued Tudor alleging a breach by Tudor of its duty to defend York and its directors under the non-profit organization liability insurance policy.

Tudor has filed a motion to dismiss while the plaintiffs have filed a motion for partial summary judgment.

Tudor argues that it has no duty to defend because the policy defines "loss" to exclude punitive damages and that defamation claims are not covered. York and its officers concede these arguments. Therefore, no duty to defend, nor obviously to indemnify, would exist on Counts V and VI of the amended complaint.

Counts I-IV sought injunctive relief and did not request monetary damages. Among the exclusions in the policy is one for ". . . claims, demands or actions seeking relief, or redress, in any form other than money damages." The question becomes whether, in light of the allegations in Counts I-IV of the amended complaint, the policy exclusions and a series of Law Court opinions, a duty to defend exists. The answer is yes under existing law.

Maine uses a well-established comparison test where the allegations in the complaint are matched against the policy. *Gibson v. Farm Family Mutual Insurance Co.*, 673 A.2d 1350, 1352 (Me. 1996) and *Foundation for Blood Research v. St. Paul Marine and Fire Insurance Co.*, 1999 Me. 87 ¶4, 730 A.2d 175, 177.

The Law Court has stated in many opinions how the comparison test is to be used. A central requirement is that there is a duty to defend if there is " . . . any legal or factual basis for payment under a policy." *Gibson* at 1352, *American Policyholders Insurance Co. v. Kyes*, 483 A.2d 337, 339 (Me. 1984) and *Horace Mann Insurance Co. v. Maine Teachers Association*, 449 A.2d 358, 360 (Me. 1982). Other cases indicate that "any" means any. See *Maine Bonding & Casualty Co. v. Douglas Dynamics,*

*Inc.*, 594 A.2d 1079, 1080-1 (Me. 1991) where even "albeit remotely" possibilities of coverage were sufficient to require that the insurance company defend.

Since there is a possibility that in later considering the requests for injunctive relief a court could, as part of its broad equitable powers, grant "such other relief" as monetary damages, that remote possibility, regardless of whether it has any grounding in the facts of the election results suit, if sufficient to create a duty to defend. See *York Insurance Group of Maine v. Lambert*, 1999 Me. 73 ¶7, 740 A.2d 984, 6. Lastly, the caselaw cited by the plaintiffs supports its argument that it is no consequence that any potential monetary damages would flow from a count in equity.

The entry is:

> Defendant's motion to dismiss is denied. Plaintiffs' motion for partial summary judgment is granted. The defendant had a duty to defend in York County Superior Court docket no. CV-00-289, Reilly v. York Golf and Tennis Club.

Dated:     January 28, 2002

Paul A. Fritzsche
Justice, Superior Court

Stephen B. Wade, Esq. - PLS
Thomas V. Laprade, Esq. - DEF

3