STATE OF MAINE                          SUPERIOR COURT
PENOBSCOT, SS.                          CIVIL ACTION
                                        Docket No. CV-05-78

Justin Perron,
        Plaintiff


        v.                              Order (Motion for Summary Judgment)


Lance Cowan et al.,
        Defendants

FILED & ENTERED
SUPERIOR COURT
SEP 21 2006
PENOBSCOT COUNTY

Pending before the court is the motion for summary judgment filed by defendants

School Union 87 and The Orono School Committee (the School Union defendants). The

court has reviewed the parties' submissions on the motion.

A party is entitled to summary judgment when the record shows that there is no

genuine issue of material fact and that the moving party is entitled to judgment as a

matter of law. M.R.Civ.P. 56(c); *see also Darlings v. Ford Motor Co.*, 2003 ME 21, ¶

14, 817 A.2d 877, 879. "Summary judgment is appropriate when a defendant is immune

from tort liability," where the record on summary judgment does not reveal genuine

issues of material fact. *Grossman v. Richards*, 1999 ME 9, ¶ 3, 722 A.2d 371, 373. The

motion court views the evidence in the light most favorable to the non-moving party.

*Benton Falls Associates v. Central Maine Power Company*, 2003 ME 99, ¶ 10, 828 A.2d

759, 762.

In their motion for summary judgment, the School Union defendants identified

several statutory bases on which they claim they are immunized from tort liability in this

action. One of those grounds – and the only one challenged here by the plaintiff, Justin

Perron – is that they do not have any liability insurance coverage that would arise from

Perron's claim against them. Because Perron has limited the basis for his opposition to

the motion at bar, the only issue presented for adjudication here is whether or not such

coverage exists. The court therefore need not and does not reach the remaining immunity

arguments that the School Union defendants raise in their motion.

1

Because the essence of the motion as developed by the parties is the question of insurance coverage, resolution of the motion necessarily turns on a comparison between the allegations in the complaint and the scope of coverage. *See Maine Mutual Fire Ins. Co. v. Gervais*, 1999 ME 134, ¶ 8, 745 A.2d 360, 362-63. A well-recognized principal of summary judgment motion practice and adjudication is that the motion court will not look beyond the record established by the parties' statements of material fact. *See* M.R.Civ.P. 56(h)(4). Here, the parties' rule 56(h) statements are limited to the terms of two insurance policies (only one of which Perron contends affords coverage to the School Union defendants). Those statements of material fact themselves do not refer to the allegations in the complaint. Nonetheless, the parties have predicated their arguments on the substance of Perron's allegations in the complaint, and the nature of those allegations in the complaint is a matter of record and could not be the subject of reasonable dispute. Thus, the court goes beyond the formal record on summary judgment (i.e., the contents of the statements of material fact) and considers the contents of the complaint as well.

In his complaint, Perron alleges that in May 2003, he was a student at Orono High School, which is administered by the Orono School Committee, which in turn receives administrative support from School Union 87. He further alleges that defendant Lance Cowan, also an Orono High School student, assaulted him, causing him injury. In support of his claim against the School Union defendants, Perron alleges that he and Cowan were under their care and supervision, that they were on notice that Cowan posed a threat of harm to him, and that they took steps to minimize contact between Cowan and him. Perron further alleges that at the time of the assault, no school official was supervising Cowan and that if the School Union defendants had provided adequate supervision, Perron would not have been injured or his injuries would not have been so extensive. On this basis, in count 4 of the complaint (the only count directed against the School Union defendants), Perron claims that the School Union defendants were negligent by failing to satisfy their duty to supervise Cowan and that as a result of that negligence, he has sustained personal injury and other damages arising from the assault.

The School Union defendants have moved for summary judgment on the single count asserted against them, alleging that Perron's claim is barred by the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101 *et seq.* As is noted above, the only basis on which

2

Perron argues that he is entitled to maintain his claim against the School Union defendants is that they have waived immunity by procuring insurance coverage. *See* 14 M.R.S.A. § 8116. Under the terms of that statute, if a governmental agency is otherwise immune from tort liability, then the existence of liability insurance coverage exposes the agency to civil liability, but only to the limits of its coverage. Because Perron does not argue that the School Union defendants could he held liable but for the existence of coverage, the applicability and scope of coverage will determine the extent of any claim that Perron may pursue against the School Union defendants.

The issue at bar invokes two competing but reconcilable standards. On the one hand, exceptions to governmental tort immunity are construed narrowly. "[I]mmunity is the rule and exceptions to immunity are to be strictly construed. . . . [The court shall employ] an exception-to-immunity approach rather than an exception-to-liability approach." *New Orleans Tanker Corp. v. Department of Transportation*, 1999 ME 67, ¶ 5, 728 A.2d 673, 675 (citations and internal punctuation omitted). This standard is favorable to a party who raises a governmental immunity defense. On the other hand, as a general matter, coverage is determined to exist when the liability allegations have the potential to raise a covered claim, and provisions of an insurance policy are construed favorably to the insurer. *See Gibson v. Farm Family Mutual Ins. Co.*, 673 A.2d 1350, 1352 (Me. 1996). In the present context, this approach to insurance contract construction is helpful toward the party (ironically, the party who is adverse to the insured) who seeks to establish the existence of coverage. These differing approaches are not incompatible because they affect different steps of the immunity analysis. The scope of coverage for a liability claim must first be determined, with resort to the latter principles of construction. Then, as a separate element of the analysis after the scope of coverage is established, the court must take into account the preference toward immunity.

The record on summary judgment establishes that the School Union defendants are insured under two separate policies. Perron argues that one of them, the AIG policy, provides them with coverage against his claims. Any liability coverage provided to the School Union defendants under the AIG policy is subject to exclusions for ". . .any claim . . . arising out of. . .assault or battery. . .[or] arising out of bodily injury to. . .[or] emotional distress. . .of any person. . . ." Perron argues that this exclusion does not

3

apply, because his claim against the School Union defendants arises out of their alleged negligence and not out of an assault.[1] When it appears in an insurance contract, the phrase, "arising out of" is construed broadly: it occurs "when, in some proximate way, it has its origin, its source, or its cause" in the alleged source. *Acadia Insurance Co. v. Vermont Mutual Insurance Co.*, 2004 ME 121, ¶¶ 7-9, 860 A.2d 390, 392-93, *quoting Hawkes v. Commercial Union Insurance Co.*, 2001 ME 8, ¶ 12, 764 A.2d 258, 264. Here, as the First Circuit has concluded in addressing this very issue,[2] *see Winnacunnet Cooperative School Dist. V. National Union Fire Insurance Co. of Pittsburgh, Pa.*, 84 F.3d 32 (1st Cir. 1996), the injuries that Perron alleges resulted from the assault constitute the damages that also are a necessary element of his negligence claim against the School Union defendants. Thus, inevitably, Perron's negligence claim against the School Union defendants arises out of the assault, because the latter claim "has its origin, its source, or its cause" in the latter. Indeed, in his complaint, Perron expressly alleges that Perron's injuries resulted directly from the School Union defendants' negligence, and he does not allege any injuries that are attributable to any other source. The assault is therefore an integral aspect of his negligence claim at issue here. Accordingly, Perron's negligence claim against the School Union defendants can only be seen as one that arises out of a claim for assault. The School Union defendants' liability insurance policy with AIG does

---

[1] In their statement of material fact, the School Union defendants assert that AIG has refused to provide a defense to them because of the effect of the exclusions noted in the text. The carrier's position regarding coverage does not influence the court's analysis here. The dispositive question here is not whether AIG believes there is coverage but rather whether there is coverage in fact.

[2] In that opinion, the First Circuit considered material extrinsic to the liability complaint (similar to a summary judgment approach) when it examined the basis for the claim that was alleged to fall within the scope of coverage. Here, the question is more closely comparable to one when a duty to defend is considered. The answer to that question, in turn, is determined solely by comparing the allegations in the underlying complaint with the scope of coverage; extrinsic evidence would not play a role in the analysis, under Maine law. However, as is noted in the text, even without consideration of extrinsic matter (which the parties have not submitted here anyway), Perron's allegations make clear that the alleged assault is a necessary ingredient to his claim against the School Union defendants and that the damages he claims against them are the same damages he claims were caused by the assault, meaning that both exclusions in the AIG policy apply.

4

not provide them with coverage for Perron's claim against them. Consequently, the existence of that policy does not operate as a waiver of those defendants' immunity.

The entry shall be:

For the foregoing reasons, the court grants the motion for summary judgment filed by defendants School Union 87 and The Orono School Committee. Judgment is entered for those defendants. Upon entry of a final judgment in this action,[3] those defendants shall be awarded their costs of court.

Dated: September 19, 2006

Justice, Maine Superior Court
Jeffrey L. Hjelm

---

[3] Perron's claims against Cowan remain pending. At a trial management conference held earlier this year, Perron, through counsel, indicated that he intended to dismiss his claims against Cowan voluntarily. Because those claims are still pending, the summary judgment entered here for the School Union defendants does not constitute a final judgment in this case.

5

JUSTIN PERRON VS LANCE COWAN ET AL
UTN:AOCSsr  -2005-0041421                      CASE #:BANSC-CV-2005-00078
-------------------------------------------------------------------------
JUSTIN PERRON                                            PL
ATTY BUCKLEY, PHILLIP  Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401
ATTY PEASE, TIMOTHY A.   Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401


LANCE COWAN                                              DEF

MAIL ADDR:31 GILBERT STREET ORONO ME 04473

SCHOOL UNION EIGHTY SEVEN  ¿ Orono School Committee      DEF
ATTY HEWEY, MELISSA  Tel# (207) 772-1941
ATTY ADDR:245 COMMERCIAL ST. PO BOX 9781 PORTLAND ME 04104-5081


M=More, Space = Exit:M

Select the EXIT KEY for page selection line.