STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-05-333



STATE FARM FIRE & CASUALTY CO.,

Plaintiff,

v.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 27 2006

ONEBEACON INSURANCE CO.,

Defendant.

Before the court is a motion for summary judgment filed by defendant OneBeacon Insurance Co. and a cross motion for summary judgment filed by plaintiff State Farm Insurance Co.

The case presents the question of whether OneBeacon had a duty to defend Maurice Scribner in a case brought against Scribner by Pittsfield Bowling Center alleging that Scribner was liable for negligence and breach of contract in connection with a fire that occurred in December 2001. The facts have been stipulated.

The first issue is whether OneBeacon had a duty to defend Scribner because, although it is undisputed that Scribner was not in fact an employee of Pittsfield Bowling, Pittsfield Bowling's complaint did not exclude the possibility that Scribner was an employee and therefore might have qualified as an insured under Pittsfield Bowling's policy with a OneBeacon subsidiary. The complaint in Pittsfield Bowling's action against Scribner is annexed as Exhibit A to the Joint Statement of Material Facts.[1]

---

[1] The complaint alleges that Pittsfield Bowling "retained" Scribner to perform repairs to Pittsfield's bowling lanes, that Scribner welded braces to the pin-setting machine, that Scribner's welding activity negligently caused a fire, and that Scribner also breached a contractual obligation to perform the welding work in a workmanlike fashion. SMF Ex. A ¶¶ 4-5, 9, 13, 17.

The relevant insurance policy is annexed as Exhibit B to that Statement.

According to State Farm, it should prevail under the comparison test used in determining whether an insurer has a duty to defend. However, the court concludes that only actual insureds – as opposed to persons who might possibly be insured – are entitled to the benefit of the comparison test analysis. See Boise Cascade Corp. Inc. v. Reliance National Indemnity Co., 99 F.Supp.2d 87, 99 (D. Me. 2000). The court therefore rejects State Farm's argument that the court should find a duty to defend in this case under an "expansive" reading of Mullen v. Daniels, 598 A.2d 451, 453 (Me. 1991). See State Farm Memorandum of Law at 4.

OneBeacon has raised additional arguments that it contends also eliminates any duty to defend on its part in this case. In view of the foregoing ruling, the court does not need to reach those arguments.

The entry shall be:

Defendant's motion for summary judgment dismissing the complaint is granted. Plaintiff's cross-motion for summary judgment is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: September _21_ , 2006.

Thomas D. Warren
Justice, Superior Court

2

THOMAS MARJERISON ESQ
PO BOX 4600
PORTLAND ME    04112

MICHAEL RAIR ESQ
PO BOX 2580
BANGOR ME    04402-2580