**Phyllis BURNS**

v.

**MIDDLESEX INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued May 4, 1989.

Decided May 25, 1989.

---

Paul F. Macri, Jeffrey Rosenblatt (orally), Berman, Simmons & Goldberg, Lewiston, for plaintiff.

Martica S. Douglas, Sheila McLaughlin (orally), Hewes, Douglas, Whiting & Quinn, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

HORNBY, Justice.

Does an insurance carrier have an obligation to defend under a homeowner's insurance policy when the insured is sued for bodily injury resulting from slander, invasion of privacy and intentional infliction of emotional distress? The policy excludes from coverage "bodily injury ... which is expected or intended by the insured." Since under the complaint in the underlying action the injured party could recover amounts that would not be excluded by this provision, we conclude that there is a duty to defend. We therefore vacate the summary judgment entered by the Superior Court (Androscoggin County, *Fritzsche, J.*) in favor of the carrier and direct the entry of partial summary judgment in favor of the insured.

■ The scope of the duty to defend is determined by "comparing the provisions of the insurance contract with the allegations in the underlying complaint. If there is *any* legal or factual basis that could be developed at trial, which would obligate the insurer to pay under the policy, the insured is entitled to a defense." *J.A.J., Inc. v. Aetna Casualty and Sur. Co.*, 529 A.2d 806, 808 (Me.1987) (emphasis original), citing *American Policyholders' Ins. Co. v. Kyes*, 483 A.2d 337, 339 (Me.1984). The scope of the duty does not depend merely on the draftsmanship of the complaint "but on a *potential* shown in the complaint that the facts ultimately proved may come within the coverage." *Travelers Indem. Co. v. Dingwell*, 414 A.2d 220, 226 (Me.1980) (emphasis original).

■ Here, the insurance policy excludes from coverage "bodily injury ... which is expected or intended by the insured." In *Patrons–Oxford Mut. Ins. Co. v. Dodge*, 426 A.2d 888, 892 (Me.1981), we found this exclusion ambiguous and interpreted it to refer "only to bodily injury that the insured in fact *subjectively wanted* ('intended') to be a result of his conduct or in fact *subjectively foresaw as practically certain* ('expected') to be a result of his conduct" (emphasis original). The underlying complaint that has provoked this controversy claims damages resulting from slander, invasion of privacy and intentional infliction of emotional distress.[1] Even though they may be characterized as intentional torts, neither slander nor invasion of privacy requires that the tortfeasor, in *Dodge*'s words,

---

1. A claim for harassment has been dismissed.

"subjectively wanted" or "subjectively for-esaw" bodily injury as the "practically certain" result of her conduct. Comparing the underlying complaint to the insurance policy, therefore, we find that there is a duty to defend because the plaintiff in the underlying litigation against the insured may recover damages in that lawsuit that would be covered by the insurance policy.

Accordingly, the insurance carrier's motion for summary judgment should have been denied and the insured's motion for partial summary judgment on Count I claiming a duty to defend should have been granted.

The entry is:

Judgment vacated and remanded for the entry of partial summary judgment in favor of the plaintiff.

All concurring.