**MAINE BONDING & CASUALTY CO.**

v.

**DOUGLAS DYNAMICS, INC.**

Supreme Judicial Court of Maine.

Argued June 19, 1991.
Decided July 29, 1991.

James R. Erwin (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for plaintiff.

Carl F. Rella (orally), Leen & Emery, Bangor, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, COLLINS and BRODY, JJ.

BRODY, Justice.

Douglas Dynamics, Inc. ("Douglas Dynamics") appeals from a summary judgment entered in the Superior Court (Penobscot County, *Silsby, J.*) in favor of Maine Bonding & Casualty Co. ("Maine Bonding") in a declaratory judgment action to determine whether Maine Bonding has a duty to defend Douglas Dynamics in a suit filed against Douglas Dynamics by a former employee. On appeal, Douglas Dynamics contends that summary judgment should not have been granted because Maine Bonding has a duty to defend count six of the former employee's amended complaint which alleges emotional distress resulting from wrongful discharge. We agree and vacate the summary judgment.

In January, 1989, Douglas Dynamics discharged the general manager of its Fisher Engineering Division in Rockland. Several months later, the discharged employee sued Douglas Dynamics alleging, among other things, wrongful discharge and seeking damages for emotional distress. At the time of the discharge, Douglas Dynamics was insured under a comprehensive general liability insurance policy issued by Maine Bonding. The policy provides three general areas of coverage: (i) "bodily injury" and "property damage" caused by an "occurrence;" (ii) "personal injury" and "advertising injury;" and (iii) medical payments. Maine Bonding denied Douglas Dynamic's request for a defense and initiated a declaratory judgment action to determine whether it had a duty under its policy to defend Douglas Dynamics in the lawsuit. Both parties moved for summary judgment and the court granted judgment to Maine Bonding finding no duty to defend. Following an unsuccessful motion to alter or amend the judgment pursuant to M.R.Civ.P. 59(2), Douglas Dynamics appealed.

Douglas Dynamics argues that Maine Bonding has a duty, pursuant to the "bodily injury" coverage provided by the policy, to defend count six of the employee's amended complaint. We agree.

 To determine the scope of an insurer's duty to defend an insured in pending litigation, the court uses a comparison test: "If, comparing an insurance policy with an underlying complaint there is any legal or factual basis that could obligate an insurer to indemnify, then the insured is entitled to a defense." *State Mutual Ins. Co. v. Bragg*, 589 A.2d 35, 36 (Me.1991). The insurer has a duty to defend if the complaint shows any potential that the facts ultimately proved may come within the scope of coverage provided under the policy. *Lavoie v. Dorchester Mut. Fire Ins. Co.*, 560 A.2d 570, 571 (Me.1989). Even if a complaint is insufficient to withstand a motion to dismiss, it may still give rise to a duty to defend if it states facts that could potentially fall within the insurance coverage. *Id.* And, because the duty to defend is broader than the duty to indemnify, application of the comparison test may sometimes require an insurer to defend when there may be no ultimate duty to indemnify. *Bragg*, 589 A.2d at 36. In applying the comparison test, we seek to discourage mini-trials on the issue of the duty to defend.

 In ruling on Douglas Dynamics' motion to alter or amend the judgment, the court stated that there was no duty to defend the emotional distress claim because "the Law Court has never recognized the tort of wrongful discharge." Although the court correctly noted that we have never recognized a cause of action in tort for wrongful discharge, *Bard v. Bath Iron Works Corp.*, 590 A.2d 152, 156 (Me.1991), it should not have based its ruling on the legal insufficiency of the complaint.[1] Rather the court simply should have looked at the complaint to determine whether there is any possibility for coverage under any set of facts that might be established by

---

1. The sufficiency of the complaint should be tested in a motion to dismiss the case, on the merits for failure to state a claim, M.R.Civ.P. 12(b)(6), or a motion for judgment on the pleadings. M.R.Civ.P. 12(c).

the discharged employee. *Lavoie*, 560 A.2d at 571.

A correct application of the comparison test reveals that there is a duty to defend. Section I of the policy provides in pertinent part:

COVERAGE A. BODILY INJURY ... LIABILITY

**1. Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" ... to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS—COVERAGES A AND B. This insurance applies only to "bodily injury" ... which occurs during the policy period. The "bodily injury" ... must be caused by an "occurrence." ... We will have the right and duty to defend any "suit" seeking those damages.

The policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time" and defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy explicitly excludes coverage for " 'bodily injury' expected or intended from the standpoint of the insured."

Count six of the discharged employee's complaint states:

34. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 4 above as if set forth in full herein.

35. There is an important public policy in permitting employees to report to the Board of Directors of a company any problems or difficulties in the operation of the company.

36. Plaintiff reported to Defendant's Board of Directors problems and difficulties in the operation of Fisher, resulting from decisions of the President of Fisher.

37. Defendant's President discharged Plaintiff in retaliation for the aforesaid report.

38. Discharge for such reasons are in contravention of public policy and unlawful.

39. As a proximate result of such discharge, Plaintiff has suffered a loss of earnings and employment benefits, sustained emotional distress, and incurred additional costs.

Comparing the complaint to the insurance policy, it is possible, albeit remotely so, that there would be coverage if the plaintiff can establish that he suffered "bodily injury, sickness or disease" as a result of emotional distress caused by his discharge. *Cf. Burns v. Middlesex Ins. Co.*, 558 A.2d 701 (Me.1989).

In *Burns*, we were asked to decide whether an insurance carrier had a duty to defend under a homeowner's insurance policy when the insured was sued for "bodily injury resulting from slander, invasion of privacy and intentional infliction of emotional distress." *Id.* at 702. We rejected the insurer's argument that a provision in the policy excluding from coverage "bodily injury ... which is expected or intended by the insured" defeated its duty to defend. *Id.* We found the exclusion ambiguous and interpreted it in favor of the insured to refer " 'only to bodily injury that the insured in fact *subjectively wanted* ('intended') to be a result of his conduct or in fact *subjectively foresaw as practically certain* ('expected') to be a result of his conduct.' " *Id.* (quoting *Patrons–Oxford Mut. Ins. Co. v. Dodge*, 426 A.2d 888, 892 (Me. 1981). We stated that "even though they may be characterized as intentional torts, neither slander nor invasion of privacy requires that the tortfeasor ... 'subjectively wanted' or 'subjectively foresaw' bodily injury as the 'practically certain' result of her conduct." *Id.* at 702–03. We concluded that "there is a duty to defend because the plaintiff in the underlying litigation against the insured may recover damages in the lawsuit that would be covered by the insurance policy." *Id.*

The same reasoning applies in the present case. Even though wrongful discharge, should it be adopted in Maine, would likely be characterized as an inten-

tional tort in most cases, it would probably not require that the employer "subjectively wanted" or "subjectively foresaw" physical manifestations of emotional distress as the "practically certain result of its conduct." The court erred in concluding that there is no duty to defend count six of the amended complaint.

The entry is:

Summary judgment vacated. Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.