STATE OF MAINE
Androscoggin, ss.

RECEIVED & FILED

AUG 07 2002

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
Civil Action
Docket No. CV-00-101

*TED - AND - 8/20/02*

MICHAEL LITTLE,
          Plaintiff

v.

JOSEPH PERRY,
LORETTA PERRY,
MATTHEW PERRY,
MILES HARTFORD,[1] and
ADAM MORRILL,[2]
          Defendants

DECISION AND ORDER
1. DEFENDANTS' MOTION FOR
JUDGEMENT ON THE PLEADINGS
2. DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT
3. PLAINTIFF'S MOTION TO AMEND

DONALD L. GARBRECHT
LAW LIBRARY

AUG 20 2002

## I. BACKGROUND

This is a multiple count complaint against the defendants arising out of claims for personal injury suffered by Michael Little August 24, 1998. He alleges that he was assaulted by Matthew Perry, Miles Hartford, and Adam Morrill, who had consumed alcohol. The assault is alleged to have occurred on property owned by Joseph and Loretta Perry, Matthew's grandparents.

Matthew Perry seeks a judgment on the pleadings pursuant to M.R. Civ. P. 12(b)(6), and summary judgment as to Count IV (negligent and reckless consumption of alcohol), and summary judgment on Count V (assault upon plaintiff).

---

1. Defendant Miles Hartford has been previously defaulted.

2. Defendant adam Morrill had not answered the complaint, but plaintiff has not sought a default.

Joseph and Loretta Perry seek summary judgment on Count II (recklessness and negligence) on the grounds that they owed no duty of oversight or supervision of Matthew while on camp premises in Livermore.

## II. DEFENDANTS' MOTIONS

### A. Motion for Judgment on Pleadings by Matthew Perry, Count IV.

This count is based on the defendants' conduct considering their consumption of alcohol. Maine's Liquor Liability Act (MLLA), 28-A M.R.S.A. § 2503, *et seq.*, is the exclusive remedy for reckless or intentional service or consumption of alcohol which is alleged to be the cause of injury to another. 28-A M.R.S.A. § 2511.

A motion pursuant to M.R. CIV. P. 12(c) tests the sufficiency of the complaint. *Maine Bonding v. Douglas Dynamics*, 594 A.2d 1079, 1080 n.1 (Me. 1991). The court must consider whether the pleadings set forth a set of facts upon which a plaintiff may be entitled to relief. *Camps Newfound/Owatonna v. Harrison*, 1998 ME 20. 705 A.2d 1109.

Plaintiff did not allege a violation of MLLA in Count IV of the complaint and therefore, this count must be dismissed for failure to state a cause of action pursuant to Rule 12(c).[3]

---

3. The plaintiff has moved to amend the count to assert a claim under the MLLA statute which is discussed *supra*.

## B. Motion for Summary Judgment by Matthew Perry, Count V.

It is uncontested that Matthew Perry did not actually strike or touch plaintiff, however, he may still be found to be liable for his actions in threatening plaintiff and for not taking steps to restrain his friends before it was too late.

Recently, in *Curtis v. Porter*, 2001 ME 158, 784 A.2d 18, 2001 ME 158, an intentional infliction of emotional distress case, but somewhat similar to the case currently before the court, the defendant's boyfriend assaulted and robbed a pizza deliveryman. The defendant did not take part in the actual assault, but helped create the circumstances that preceded it (the call was made from her home, and the delivery was arranged at a vacant residence belonging to one of the defendant's relatives).

In finding that the defendant could be held liable for her conduct, the Law court stated,

> A person acts recklessly if she knows or should know that her conduct creates an unreasonable risk of harm to another person and the unreasonableness of her actions exceeds negligence. RESTATEMENT (SECOND) OF TORTS § 500 (1965). Although the Superior Court correctly concluded that [plaintiff] had no separate duty to take action to protect [plaintiff] from harm created by others, [defendant] may be responsible for her own affirmative conduct in planning and supporting the robbery. A person involved in planning a nighttime theft from a delivery person knows or should know that the theft may result in serious emotional harm to that delivery person.

*Id.* ¶ 13, 784 A.2d at 23. Similarly, Matthew Perry may be held responsible for his own conduct in threatening the plaintiff. There is a valid question whether he should have reasonably known that his threats and behavior could result in harm to plaintiff.

3

## C. Motion for Summary Judgment by Joseph and Loretta Perry, Count II

"A defendant is entitled to judgment as a matter of law on a negligence claim if that defendant owes no duty to plaintiff." *Budkzo v. One City Center Assoc.*, 2001 ME 37, ¶ 10, 767 A.2d 310, 313 (citing *Trusiani v. Cumberland York Distribs., Inc.*, 538 A.2d 258, 261-63 (Me. 1988). "Whether one party owes a duty of care to another presents a question of law." *Id.* (citing *Decker v. New. Eng. Pub. Warehouse, Inc.*, 2000 ME 76, ¶ 7, 749 A.2d 762, 765. "Whether a duty was breached and whether a defendant's conduct was reasonable under the circumstances are questions of fact for the jury." *Id.* (citing *Lewis v. Knowlton*, 1997 ME 12, ¶ 10, 688 A.2d 912, 914).

Based on the record, it appears to the court that the Perrys were at least aware of the risk that Matthew and his friends would be drinking. They had established a "no drinking" rule, which Matthew was specifically reminded of that day, and the Perrys had previously given their home telephone number to the neighbors to call if there was any drinking or trouble at the camp.

Further, the Perrys plainly appear to have had the ability to control the behavior of their grandson. (Matthew Perry deposition, 11/17/00, pg. 16, stating that if he broke the rules, "any one of the neighbors who thought that I was doing something that I wasn't supposed to would call my grandparents . . . [and] I would never be allowed to go up there again.").

The Perrys at the least assumed a duty to control the conduct of their grandson by asking the neighbors to call if there was any drinking or problems at the camp. Whether that duty was breached is a question of material fact for the jury.

4

### III. PLAINTIFF'S MOTION TO AMEND

Plaintiff has filed a Motion to Amend the Complaint to add Count VI against Matthew Perry pursuant to the Maine Liquor Liability Act. 28-A M.R.S.A. § 2514 states "any action brought under [the MLLA] alleging negligent or reckless conduct must be brought within 2 years after the cause of action accrues." This incident is alleged to have occurred August 24, 1998. the plaintiff argues that he was unaware that matthew Perry was the "server" and therefore liable under the MLLA until Matthew's deposition on November 17, 2001, well past the August 23, 2000 deadline.

Even if the statute of limitations had not expired, the MLLA still requires that the plaintiff file an Notice of Claim within 180 days of the server's conduct creating the liability. The 180 day period may be waived or extended upon a showing of "good cause." 28-A M.R.S.A. § 2513.

"Good cause" exists only when the plaintiff was unable to file a claim or was "meaningfully prevented from learning the information." *Beaulieu v. Aube Corp.*, 2002 ME 79, ¶¶ 22, 23. No such showing has been made here.[4]

### IV. ORDERS

The clerk shall make the following entries as to the Orders of the court:

1.  Defendant Matthew Perry's Motion for Judgment on the pleadings is granted as to Count IV.

---

[4] The *Beaulieu* case was pending before the Law Court and was decided after oral argument in this case.

5

2. Defendant Matthew Perry's Motion for Summary Judgment on Count V is denied.

3. Defendants Joseph and Loretta Perry's Motion for Summary Judgment on Count II is denied.

4. Plaintiff's Motion to Amend to add Count VI is denied.

So ordered.

August 5, 2002

Thomas E. Delahanty II
Justice, Superior Court

Date Filed __June 8, 2000__ __ANDROSCOGGIN__ Docket No. __CV-00-101__
County

Action _____PERSONAL INJURY_____

MICHAEL J. LITTLE
Livermore, Maine

JOSEPH A. and LORETTA E. PERRY, Greene, Me
ALICIA CAMPBELL, Livermore, Maine Dismissed
10-24-01
MATTHEW PERRY, MILES HARTFORD and ADAM
MORRILL

Defendants

vs.

Plaintiff's Attorney
E. James Burke, Esq.
621 Main Street
Lewiston, ME. 04240
BAR #81

Defendant's Attorney
Peter T. Marchesi, Esq. (6-16-00) (Perrys)
WHEELER & AREY, P.A.    BAR #6889
27 Temple Street, P.O. Box 376
Waterville, ME. 04903-0376

Walter F. McKee, Esq. (6-29-01) BAR #7848
LIPMAN & KATZ (Alicia Campbell)
227 Water St., P.O. Box 1051
Augusta, ME 04332-1051

| Date of Entry | |
|---|---|
| 2000 | |
| June 12: | Received 6-8-00.<br>Filing fee paid. ($120.00) Rec. #1 on 6-8-00.<br>Complaint Summary Sheet, filed.<br>Complaint, filed.<br>Summons filed showing officer's return of service on 5-23-00 upon Defendant Joseph Perry. |
| " " | On 6-12-00.<br>Case File Notice mailed. |
| June 19: | Received 6-16-00.<br>Answer and Affirmative Defenses of Perry Defendants, filed.<br>Peter T. Marchesi, Esq. appears on behalf of Perry Defendants. |
| " " | Defendant Perrys' Notification of Discovery Service, filed.<br>First Request for Production of Documents Propounded on Plaintiff by Perry Defendants; and Interrogatories Propounded upon Plaintiff by Perry Defendan served on E. James Burke, Esq., Attorney for Plaintiff on 6-13-00. |
| June 29: | Received 6-28-00.<br>Defendant Perrys' Notification of Discovery Service, filed.<br>Notice to Take Deposition of Michael Little; and Notice to Take Deposition of Dorothy Gordon served on E. James Burke, Esq., Attorney for Plaintiff on 6-27-00. |
| Aug 16 | Received 08-16-00:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiff's Answer to Perry Defendants' Request for Production of Documents and Plantiff's Response to Perry Defendants' Interrogatories served on Peter Marchesi, Esq. on 08-14-00. |
| Sept. 18: | Received 9-14-00.<br>Defendant Perrys' Notification of Discovery Service, filed.<br>Amended Notice to Take Deposition of Michael Little served on E. James Burk Esq., Attorney for Plaintiff on 9-12-00. |
| Oct. 26: | Received 10-24-00.<br>Plaintiff's Notification of Discovery Service, filed. |