STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
SUPERLAND, SS
CLERK'S OFFICE

2006 MAR 28  A 10: 39

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-04-752

CARL PIANKA,

Plaintiff,

v.                                                    ORDER

ACADIA INSURANCE CO.,

Defendant.

Before the court is plaintiff Carl Pianka's motion for partial summary judgment and defendant Acadia Insurance Company's motion for summary judgment.

The issue in this case is whether Acadia had a duty to defend Pianka against a counterclaim brought by defendants Bruce Washburn and Bruce Doughty in Pianka v. Washburn, et al., Docket No. RE-99-104 (Superior Court, Cumberland County). A copy of the counterclaim in question is annexed as Exhibit B to the Pianka affidavit. Copies of the relevant insurance policies are annexed as Exhibit D to the Pianka affidavit.

The parties agree that there are no facts in dispute and that the matter of whether Acadia had a duty to defend is an issue of law that should be resolved on summary judgment.

1. The test for determining whether an insurer has a duty to defend is based on the facts as alleged in the complaint or counterclaim. The longstanding rule is that a duty to defend is determined "by comparing the allegations in the underlying complaint with the provisions in the insurance policy." York Insurance Group v. Lambert, 1999 ME 173 ¶ 4, 740 A.2d 984, 985, quoting Penney v Capitol City Transfer, Inc., 1998 ME 44 ¶ 4, 707 A.2d 387, 388:

> A duty to defend exists "if a complaint reveals a <u>potential</u> . . . that the facts ultimately proved may come within the coverage."

<u>Id.</u> (emphasis in original).

2.     In this case the parties have focused on Acadia's provision of coverage for "bodily injury." Both policies define bodily injury as "bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time." The parties agree that under Maine law a policy covering bodily injury carries with it a duty to defend claims that seek damages for emotional distress even if no other form of bodily injury is alleged. <u>Maine Bonding & Casualty Co. v. Douglas Dynamics LLC</u>, 594 A.2d 1079, 1081 (Me. 1991).

3.     The relevant pleading at issue in this action was filed against Pianka by Bruce Washburn and Bruce Doughty, two individuals with whom he had been in business at the firm of Washburn & Doughty Associates, Inc. ("W&D"). The counterclaim alleged that Pianka, Washburn, and Doughty were the owners as tenants in common of certain real property in East Boothbay leased to W&D, that Pianka, Washburn, and Doughty each owned one third of the stock of W&D, and that Pianka had been the Treasurer of W&D. Counterclaim ¶¶ 2, 4, 5. In both Count I and Count II of the counterclaim, Washburn and Doughty allege that Pianka "by virtue of his status as director and officer of W&D and by virtue of his joint exercise of effective control over the affairs of W&D," owed Doughty and Washburn fiduciary duties of honesty, loyalty, good faith, and due care. Counterclaim ¶¶ 20, 24. Washburn and Doughty further allege that Pianka's failure to pay the correct amount of rent and his refusal to deal in good faith with Washburn and Doughty after he announced his intention to

2

retire constituted breaches of Pianka's fiduciary duty to Washburn and Doughty. Id. ¶¶ 21, 25.[1]

4.    Nowhere in the counterclaim are damages for emotional distress or emotional distress ever mentioned. Pianka argues, however, that a claim of fiduciary duty is a tort claim and that emotional distress damages are a potential element of compensatory damages for tort claims. Plaintiff's Memorandum in Support of Motion for Partial Summary Judgment dated September 15, 2005 at 5, citing Restatement (Second) of Torts §§ 874, 905. Pianka argues that this case is therefore on all fours with York Insurance Group v. Lambert, where the Law Court found that although emotional distress damages were not expressly sought, there was a claim for interference with an expectancy and that carried with it the possibility of an award for emotional distress. See 1999 ME 173 ¶ 7, 740 A.2d at 986.

5.    In the court's view, this case is distinguishable from York Insurance Group v. Lambert. In this case, as opposed to Lambert, the claim of breach of fiduciary duty is not premised upon the existence of a confidential relationship based on the actual placing of trust and confidence and a great disparity of position and influence between the parties. See Stewart v. Machias Savings Bank, 2000 ME 207 ¶¶ 10-12, 762 A.2d 44, 46-47. Compare Lambert, 1999 ME 173 ¶ 2, 740 A.2d at 984-85, with Counterclaim in RE-99-104 ¶¶ 21, 24. The alleged breach of fiduciary duty asserted in the counterclaim against Pianka was based on Pianka's position as an officer and director of W&D and is based on corporate law, not tort law. See 13-C M.R.S.A. §§ 831(1), 843(1). For breaches of fiduciary duty imposed by the business corporation law, the court is not aware of any authority for the proposition that emotional distress

---

[1] Similar counterclaims for breach of fiduciary duty were filed against Pianka by W&D. See Exhibit A to Pianka affidavit. Since a company cannot recover for emotional distress, this case turns on the counterclaim filed by Washburn and Doughty as individuals.

3

damages are available. Instead, the damages that are potentially recoverable are based on the monetary losses incurred as a result of the fiduciary violations or on the benefits wrongfully obtained. See Rosenthal v. Rosenthal, 543 A.2d 348, 354, 355-56 (Me. 1988).

6. In this instance, therefore, where emotional damages were not sought and where there is no potential recovery for emotional distress damages, the bodily injury coverage of Acadia's policies was not triggered, and Acadia did not have a duty to defend. Acadia is therefore entitled to summary judgment.

The entry shall be:

Plaintiff's motion for partial summary judgment is denied. Defendant's motion for summary judgment is granted and the complaint is therefore dismissed. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: March 28 , 2006.

Thomas D. Warren
Justice, Superior Court

4



ANNE CRESSEY, ESQ.
PO BOX 9545
PORTLAND, ME 04112-9545



STEPHEN WADE, ESQ.
PO BOX 3200
AUBURN, ME 04212-3200