Nancy Torresen, United States Chief District Judge
Plaintiff-Counterdefendant Zurich American Insurance Company ("ZAIC ") brings this suit seeking declaratory judgment that it does not have a duty to defend the four individual and corporate Defendants-Counterclaimants Electricity Maine LLC, Spark Holdco LLC, Emile Clavet, and Kevin Dean ("the Defendants ") in a lawsuit brought against the Defendants by Katherine Veilleux and Jennifer Chon (No. 1:16-cv-571-NT). Before me are the parties' cross-motions for summary judgment. (ECF Nos. 40-41). For the following reasons, ZAIC's motion is DENIED and the Defendants' motion is GRANTED .
LEGAL STANDARD
Courts grant motions for summary judgment where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts consider the merits of cross-motions for summary judgment separately.
APPLYING THE COMPARISON TEST
Maine law on the duty to defend is well established. Courts apply a comparison test between "two documents: the insurance policy and the underlying complaint against the insured." Harlor v. Amica Mut. Ins. Co. , 150 A.3d 793, 797 (Me. 2016).
An insurer has a duty to defend an insured when the complaint, read broadly in conjunction with the policy, reveals the existence of any legal or factual basis that could potentially be developed at trial and result in an award of damages covered by the terms of the policy. Although courts do not speculate about causes of action that were not stated[,] ... our rules of notice pleading favor a broad construction of the duty to defend.
*200 The facts alleged in the complaint need not make out a claim that specifically and unequivocally falls within the coverage. Rather, where the events giving rise to the complaint may be shown at trial to fall within the policy's coverage, an insurer must provide the policyholder with a defense. We have explained the comparison test and its low threshold for triggering an insurer's duty to defend, as a test and a threshold designed to discourage mini-trials on the issue of the duty to defend.
Id. at 797-98 (quotation marks and citations omitted). " 'If the complaint shows even a possibility that the events giving rise to it are within the policy coverage, the insurer must defend the suit. Any ambiguity must be resolved in favor of a duty to defend.' " Auto Europe, LLC v. Conn. Indem. Co. , 321 F.3d 60, 66 (1st Cir. 2003) (quoting Mass. Bay Ins. Co. v. Ferraiolo Constr. Co. , 584 A.2d 608, 609 (Me. 1990) ). "Even a complaint which is legally insufficient to withstand a motion to dismiss gives rise to a duty to defend if it shows an intent to state a claim within the insurance coverage." Travelers Indem. Co. v. Dingwell , 414 A.2d 220, 226 (Me. 1980).
I. The Insurance Policies
The parties stipulate to the factual record, which is composed of three insurance policies and the operative complaint. ZAIC issued two insurance policies ("the Zurich Policies ") and is a successor by merger to Assurance Company of America ("ACA ") with respect to a third insurance policy ("the Assurance Policy "). Specifically:
1. The ACA issued a commercial insurance policy to Electricity Maine, effective November 1, 2011-November 1, 2012. Ex. B (ECF Nos. 39-4-39-7). This Assurance Policy included commercial general liability coverage and commercial umbrella coverage. The ACA and Electricity Maine cancelled this policy April 25, 2012, however ZAIC has since succeeded to the remaining rights and responsibilities under the Assurance Policy.
2. ZAIC issued a commercial insurance policy to Nudevco Partners, LLC, effective April 27, 2015-April 27, 2016 ("Zurich Policy # 1 "). Ex. C (ECF Nos. 39-8-39-9). This policy included commercial general liability coverage. Spark Holdco was added as a named insured on this policy, effective July 8, 2015.
3. ZAIC issued a commercial insurance policy to TexEx Energy Investments, LLC, effective April 27, 2016-April 27, 2017. This policy included commercial general liability coverage. Electricity Maine was added as a named insured, effective July 14, 2016. ("Zurich Policy # 2 "). Ex. D (ECF No. 39-10).
All three policies provide commercial liability coverage for "bodily injury" or "property damage" caused by an "occurrence." Ex. B § I(A)(1); Ex. C at 6.[1] The Assurance Policy and Zurich Polices define bodily injury as "bodily injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from bodily injury, sickness or disease." Ex. B § V(3); Ex. C at 6. All three polices define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B § I(1)(a); Ex. C § V(13). The policies exclude from coverage " '[b]odily injury' or 'property damage' expected or *201 intended from the standpoint of the insured." Ex. B. § I(2)(a); Ex. C § I(2)(a).
II. Pending Claims
The operative SAC in the lawsuit against the Defendants includes eight counts: violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO ") and conspiracy to violate RICO (Counts I and II); violation of the Maine Unfair Trade Practices Act ("UTPA ") (Count III); negligence (Count IV); negligent misrepresentation (Count V); fraudulent misrepresentation (Count VI); unjust enrichment (Count VII); and breach of contract (Count VIII). SAC (No. 16-cv-571-NT, ECF No. 50).[2]
III. Discussion
The Defendants argue that because they are "sued for claims of negligence and negligent misrepresentation," ZAIC owes them a duty to defend in the pending lawsuit. Defs.' Mot. 2. (ECF No. 40). ZAIC argues that the allegations do not fall within the insurance policy's requirement of an "occurrence" because the conduct was not accidental nor is there a possibility that the events giving rise to the lawsuit are within the policy coverage for "bodily injury." Pl.'s Mot. 5, 13-14 (ECF No. 41).
The Defendants' motion turns primarily on the negligence claim, and therefore I begin by applying the comparison test to the negligence count[3] and the insurance policy. The inquiry is whether the SAC "reveals the existence of any legal or factual basis that could potentially be developed at trial and result in an award of damages covered by the terms of the policy." Harlor , 150 A.3d at 797.
*202 ZAIC contends that the SAC forecloses the possibility of either an "occurrence" or of any "bodily injury," both of which are required for coverage under the policies. With regard to an occurrence, defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions," Ex. B § I(1)(a); Ex. C § V(13), the SAC's negligence claim alleges that the Defendants breached their duty "not to engage in fraudulent, misleading, or deceptive conduct, and not to misrepresent the cost of their services." SAC ¶ 112. ZAIC asserts that the SAC is exclusively focused on intentional (as opposed to negligent) conduct, as it describes the Defendants' "scheme," "fraud," and "deception" to rope electricity customers into long-term and above-market-rate service contracts. SAC ¶¶ 1, 17-38. Because the conduct alleged is intentional, ZAIC argues, the negligence count is a throwaway. The Defendants rightly respond, however, that parties are permitted to plead in the alternative, Fed. R. Civ. P. 8(d)(2)-(3), and that the duty to defend is so broadly conceived that even legally insufficient claims may give rise to a duty to defend if it possibly fits within the policy. Travelers Indem. Co. , 414 A.2d at 226. The SAC's negligence-based Counts signal the plaintiffs' intent to seek relief from the Defendants even if the plaintiffs are unable to prove that the Defendants' alleged misconduct was intentional. And while fraudulent and deceptive conduct seems to embody intent, theoretically a party can mislead another without intending to do so. Accordingly, the SAC alleges an "occurrence." See id.
I turn to whether there exists a possibility of recovery for bodily injury.[4] The injury articulated under the negligence count is "significant economic harm in that Plaintiffs and Class Members have substantially overpaid for electricity supply services" and the relief requested includes "actual damages ... and any other relief that the Court deems just and proper." SAC ¶¶ 114-15. The SAC does not mention any kind of bodily injury expressly, including mental anguish. The Defendants contend, however, that the SAC's silence does not preclude the possibility of recovery. "Although the terms 'emotional distress' and 'mental anguish' were not pled in the underlying class action complaint, the prayer for relief requests 'actual damages in an amount to be proven at trial,' " and, the Defendants argue, it is possible that this relief would include emotional distress damages. Defs.' Mot. 9 (quoting SAC ¶ 115).
The Defendants rely particularly on Harlor , a Maine case in which emotional distress damages were not plead, but recovery of emotional damages was found to be possible. 150 A.3d at 800. In that case, too, the insurance policy included coverage for liability for bodily injury caused by an occurrence. Id. at 798 (the policy defined bodily injury as "bodily harm, sickness or disease, including required care, loss of services and death that results"). The defendant faced a lawsuit for interference with an advantageous relationship, which required the court to consider whether the complaint "alleged facts that could give rise to the type of damages that would invoke [the insurance company's] duty to defend." Id. at 799. Declining to "sp[eak] definitively" on whether emotional distress damages were available on a claim of interference with an advantageous relationship, the court noted that the Restatement (Second) of Torts § 774(A)(1)(c) provided for emotional distress damages for an interference with a contract or prospective contractual *203 relationship, and the Law Court had previously found emotional distress damages available on a claim for interference with an expectancy of inheritance. Id. The court then turned back to the plaintiffs' allegations that they were damaged by the defendant's interference and unable to sell their house. The court found these allegations "could have resulted in harm to the [plaintiffs], including bodily harm due to emotional distress." Id. at 800.
ZAIC "agrees ... [that] the correct test for determining the duty to defend in this case" is whether "the claims asserted in the [SAC] can give rise to emotional distress damages." Pl.'s Reply 6 (ECF No. 47).[5] ZAIC does not dispute that in the context of a negligence action, "a plaintiff may recover for emotional harm, including emotional distress, mental anguish, and loss of the enjoyment of life as part of the recovery." Curran v. Richardson , 448 F.Supp.2d 228, 231 (D. Me. 2006). Instead, ZAIC attempts to side-step this point by reprising its argument, addressed above, that the SAC does not actually assert a simple negligence claim. This time, ZAIC insists that I must ignore the SAC's simple negligence count for the purposes of this motion because it is duplicative of the count for negligent misrepresentation. Pl.'s Opp'n 9 (ECF No. 43). I disagree. While the SAC's negligence claim may ultimately be "legally insufficient to withstand a motion to dismiss," it nevertheless "shows an intent to state a claim within the insurance coverage." See Travelers Indem. Co. , 414 A.2d at 226 ; see also Me. Bonding & Cas. Co. v. Douglas Dynamics, Inc. , 594 A.2d 1079, 1080 (Me. 1991) (trial court erred in finding there was no duty to defend on a claim that Maine's courts had never recognized, because the court "should not have based its ruling on the legal insufficiency of the complaint"); Harlor , 150 A.3d at 797. Therefore, because the policies include coverage for actions asserting bodily injury in the form of mental anguish, because the SAC alleges conduct that "could have resulted in harm to the [plaintiffs], including bodily harm due to emotional distress," Harlor , 150 A.3d at 800, and because the SAC alleges at least one claim under which mental anguish damages are available, I find that ZAIC has a duty to defend on the SAC.[6]
CONCLUSION
For the reasons stated above, the Court DENIES ZAIC's motion for summary judgment and GRANTS the Defendants' motion for summary judgment.
SO ORDERED.

The parties have stipulated that, with limited exceptions not relevant to my disposition of the cross-motions for summary judgment, Zurich Policy # 1 and Zurich Policy # 2 are identical. Stipulation of Material Facts ¶ 4 (ECF No. 39).

Following a motion to dismiss by Spark Holdco LLC, I granted dismissal of Counts One, Two, Four, Five, Six, and Eight of the SAC as against Spark (No. 16-cv-571-NT, ECF No. 49). The SAC's plaintiffs, Katherine Veilleux and Jennifer Chon, were instructed to file the SAC after I issued my order. Veilleux and Chon filed the SAC as it had been proposed and without making clear that Spark was no longer a defendant on the dismissed claims.
There is also, following discovery, a motion for leave to file a Third Amended Complaint ("TAC ") to include the addition of plaintiff James Tilton and new allegations of fraudulent conduct by Spark and Electricity Maine. (No. 16-cv-571-NT, ECF No. 81-1). The proposed TAC would reassign Spark as a defendant in the RICO Counts I and II, maintain the UTPA and Unjust Enrichment claims in Counts III and IV, and add a civil conspiracy claim at Count V against all Defendants. The TAC would not seek to revive the negligence, negligent and fraudulent misrepresentation, or breach of contract claims.
The parties have not asked me to address the motion to dismiss order or the TAC through the dispute at bar and accordingly I do not.

The phrasing of the negligence count is as follows:
111. Plaintiffs repeat and reallege the allegations in every previous paragraph of this Complaint as if fully set forth herein.
112. Defendants owed Plaintiffs and Class Members a duty not to engage in fraudulent, misleading, or deceptive conduct, and not to misrepresent the cost of their services.
113. Defendants breached that duty by engaging in the conduct alleged above in this Complaint.
114. Defendants' negligent conduct proximately caused Plaintiffs and Class Members to incur significant economic harm in that Plaintiffs and Class Members have substantially overpaid for electricity supply services.
115. WHEREFORE, Plaintiffs, on behalf of themselves and all persons similarly situated, respectfully request that the Court enter judgment jointly and severally against all Defendants and award Plaintiffs and Class Members actual damages in an amount to be proven at trial, reasonable attorney fees, costs, punitive damages, and any other relief that the Court deems just and proper.
SAC ¶¶ 111-15.

The Defendants concede they would not be entitled to compensation for property damage for any of the causes of action. Defs.' Opp'n 7 n.1 (ECF No. 42).

ZAIC thereby also appears to agree that the policies consider "mental anguish" a form of "bodily injury."

"Because an insurer has a duty to defend if any cause of action alleged in a complaint could fall within the policy's liability coverage, [I] need not consider whether other theories of liability set forth in the [SAC] ... would have independently given rise to a duty to defend." Mitchell v. Allstate Ins. Co. , 36 A.3d 876, 881 (Me. 2011).