STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 FEB -2 P 4: 10

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-380

HHH, LLC.,
          Plaintiff

v.

Port Harbor Marine, Inc., Port Harbor
Holdings I, Herbert E. Tyler and Grace M. Tyler,
Irving Oil Corporation, and
Lawyers Title Insurance Corporation,
          Defendants

**ORDER**

FEB 7 2005

This case comes before the court on Defendant Lawyers Title Insurance Corporation's Motion for Summary Judgment pursuant to M.R. Civ. P. 56.

## FACTS

This action arises out of litigation between HHH, LLC (HHH) and several current or former property owners at Spring Point in South Portland, Maine. In May 1999, HHH acquired slightly over 20 acres of land at Spring Point from Irving Oil Corporation (Irving Oil) by quitclaim deed. The property included certain easements. In July 2003, HHH erected a fence over portions of its property, blocking access to property held by Port Harbor Marine Inc. and Port Harbor Holdings I (Port Harbor) and Herbert and Grace Tyler (the Tylers). Port Harbor brought suit (CV-03-380), seeking injunctive and declaratory relief, claiming that access across HHH's property was protected by easements in Port Harbor's favor to use Breakwater Annex, formerly known as Cross Street. On July 11, 2003, this Court issued a temporary restraining order against HHH, finding Port Harbor was likely to succeed in proving their right to use their Cross Street easements, and ordering HHH to remove the fence. Port Harbor was

ordered to refrain from putting boats, vehicles, equipment or trash on HHH's property.

On March 30, 2004, while a trial on this matter was pending, HHH brought suit (CV-04-214) against Port Harbor, the Tylers, Irving Oil, and Lawyers Title Insurance Corporation (LTIC) regarding the easements to which HHH'S property was subject.[1] In Count III of its second amended complaint, HHH charged LTIC with breach of contract for failing to defend HHH in the suit brought by Port Harbor. On November 4, 2004, LTIC filed its Motion for Summary Judgment on Count III. LTIC argues that the property rights disputed in Port Harbor's suit are expressly excluded from coverage in the policy LTIC issued to HHH. Therefore, LTIC asserts, it has no duty to defend HHH. HHH argues that the rights at issue are not excluded from HHH's policy, and that LTIC has a duty both to defend and indemnify HHH.

## DISCUSSION

To determine whether an insurer has a duty to defend, the court will "compare the complaint in the underlying action with the insurance policy. The duty to defend arises if there is any potential basis for recovery against the insured and the recovery is an insured risk." *York Golf and Tennis Club v. Tudor Ins. Co.*, 2004 ME 52, ¶ 8, 845 A.2d 1173, 1175 (citations omitted). "If the allegations in the underlying action are within the risk insured against and there is *any potential basis* for recovery, the insurer must defend the insured . . .." *Gibson v. Farm Family Mut. Ins. Co.*, 673 A.2d 1350, 1352 (Me. 1996)(emphasis in the original). However, the court does not look beyond the face of the complaint and

---

[1] The two cases were consolidated on August 4, 2004 (CV-03-380). Summary judgment was granted to Irving Oil on Counts I and II of HHH's first amended complaint.

policy in determining a duty to defend. *Elliott v. Hanover Ins. Co.*, 1998 ME 138, ¶ 7, 711 A.2d 1310, 1312.

## A. The Complaint

Here, Port Harbor's complaint alleges that HHH erected a fence in violation of easements in favor of Port Harbor on two abutting pieces of property to which Port Harbor holds title: 120 Breakwater and 110 Breakwater. The complaint includes language from and copies of both deeds. The deed to 120 Breakwater lists Cross Street (a.k.a. Bean Street) as one of its borders and includes a grant of rights of way to all streets and ways at Spring Point. The deed to 110 Breakwater includes an express grant of a right of way to and across Cross Street. This property, by its deed, is "the same premises conveyed by Spring Point Associates to David A. Gushee and Fred C. Loring by deed dated November 8, 1983, recorded in the Cumberland County registry of Deeds in Book 6339, Page 104." Deed at p. 2. This access to Port Harbor over Cross Street is the access blocked by HHH's fence and forms the basis of Port Harbor's complaint. Port Harbor brought an additional claim of nuisance in relation to the same fence.

## B. The Policy

LTIC issued a policy to HHH that expressly provided "This policy does not insure against loss or damage by reason of the following: . . .(16) Rights and easements of others to use water mains, common utilities, sewers, railroad tracks and streets and ways set forth in the following instruments: . . . " Policy at Schedule B. Among the instruments setting forth easements expressly excluded in the policy are the deeds from:

(d) Greater Portland Public Development Commission to Kirby Manufacturing Co. dated December 4, 1963, recorded in Book 2792, Page 10 and deed dated December 8, 1967, recorded in Book 3023, Page 632; as affected by limiting language as set forth in deed of Spring Point Associates to David A. Gushee and Fred C. Loring, dated November 18, 1983, recorded in Book 6339, Page 104.

(e) Greater Portland Public Development Commission to D & G Machinery Products, Inc. dated October 1, 1981, and recorded in Book 4867, Page 116.

On summary judgment, LTIC argues these deeds, excluded from coverage under the policy, are to the property now known as 110 Breakwater and 120 Breakwater and include the very easements in favor of Port Harbor said to be violated in Port Harbor's complaint. HHH has acknowledged that the deeds and the policy exclusions refer to identical properties and are at issue in Port Harbor's suit.

On a motion for summary judgment, the court views the evidence in the light most favorable to the party against whom judgment is sought, to decide "whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact." *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380 (citations omitted). When the moving party is the defendant, the burden rests on that party to show that the evidence fails to establish a prima facie case for each element of the cause of action. *Stewart ex rel. Stewart v. Aldrich*, 2002 ME 16, ¶ 8, 788 A.2d 603, 606.

Here, the parties do not dispute that the rights in property expressly excluded from LTIC's coverage at Schedule B, (16)(d) and (e) are the same rights in property to 110 and 120 Breakwater that Port Harbor claims were violated by HHH when it erected a fence. Nonetheless, HHH argues a recovery by Port Harbor is an insured risk under the policy and trigger's LTIC's duty to defend. First, HHH claims it is insured under another policy exception from coverage for

unrecorded easements that would be disclosed in an accurate survey.[2] Because a boundary survey made when Irving Oil conveyed the property to HHH does not show Cross Street, HHH claims LTIC is obligated to defend HHH. Second, HHH claims that the easements at issue were terminated by HHH by notice on July 8, 2004. Finally, HHH contends that LTIC has no proof that Cross Street, and therefore any Cross Street easements, actually exist.

None of HHH's contentions raises a disputed issue of fact about whether HHH's is insured for the risk of Port Harbor's recovery under the LTIC policy. The exception cited by HHH would provide a second basis for exclusion from coverage for the disputed Cross Street easements if Cross Street and its easements, as HHH claims, are unrecorded in the Irving Oil survey. It is also undisputed that Port Harbor's complaint is for violation of easements alleged to exist at the time HHH erected the fence in July 2003, and is unaffected by any later alleged termination of those easements. Finally, the existence of Cross Street and its accompanying rights and easements may affect the outcome of litigation between HHH and Port Harbor, but does not affect the fact that the alleged street and those alleged easements are expressly excluded under LTIC's policy without condition as to their existence. HHH's speculation that Cross Street could be found to be Front Street, an easement protected under the policy, is too remote to hold weight under these facts; however, LTIC may have a duty to defend HHH if a suit involving a Front Street arises. Such is not now the case.

---

[2] "This policy does not insure against loss or damage by reason of the following: . . . 2. Easements of claims of easements not shown by the public records, boundary line disputes, overlaps encroachments, acreage statements, title to filled lands (if any) and any matters not of record which would be disclosed by an accurate survey and inspection of the premises."

Because the allegations in Port Harbor's underlying complaint is for violation of property rights in easements or rights of way that are expressly excluded from coverage under the LTIC policy, LTIC has no duty to defend HHH in a suit over those easements or rights of way, and summary judgment should be granted to LTIC.

This Court **GRANTS** Defendant Lawyers Title Insurance Company's Motion for Summary Judgment on Count III of Plaintiff HHH's second amended complaint.

Dated _____February 2, 2005_____

Roland A. Cole
Justice, Superior Court

FRANK  CHOWDRY  ESQ
PO  BOX  4510
PORTLAND  ME  04112

COURTS
nd County
ox 287
ne 04112-0287

THOMAS  LAPRADE  ESQ
PO  BOX  15215
PORTLAND  ME  04112

JOX 287
ne 04112-0287

ANDREW  SPARKS  ESQ
ONE  MONUMENT  WAY
PORTLAND  ME  04101

F COURTS
nd County
ox 287
e 04112-0287

DAVID SOLEY ESQ
PO BOX 9729
PORTLAND ME 04104

COURTS
d County
x 287
e 04112-0287

JOHN HOBSON ESQ
PO BOX 426
PORTLAND ME 04112