STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss.                         CIVIL ACTION
                                        DOCKET NO. CV-18-272

BARBARA LEWIS,                  )
                                )
        Plaintiff               )
                                )
v.                              )
                                )
ALLSTATE INSURANCE COMPANY,     )       ORDER ON MOTIONS FOR
                                )       SUMMARY JUDGMENT
        Defendant               )
                                )
and                             )
                                )
JUSTINE GIROUX,                 )
                                )
        Party-in-Interest.      )

Before the Court are a motion for summary judgment filed by plaintiff Barbara Lewis on counts I and II of her complaint and a cross-motion for summary judgment by defendant Allstate Insurance Company. The major issue is whether Allstate had a duty to defend Ms. Lewis when she and her sons were sued by Justine Giroux based on an assault committed by Ms. Lewis's sons on Ms. Giroux at Ms. Lewis's residence.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving

**Plaintiff–Benjamin Donahue, Esq.**
**Defendant–Martica Douglas, Esq.**
**PII–Robert Levine, Esq.**

party. *Id.* Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

Undisputed Facts

In this case the relevant facts are not disputed.

Justine Giroux was injured in an assault by James and Alex Lewis, two sons of Barbara Lewis, at Barbara Lewis's residence in Windham on or about November 9, 2016. This ultimately resulted in Alex's conviction for aggravated assault in June 2017 and James's conviction for elevated aggravated assault and aggravated assault in November 2017. Allstate SMF ¶¶ 14-15 (admitted).[1]

Thereafter Justine Giroux filed a civil action against Barbara, Alex, and James Lewis, and a copy of Giroux's complaint is annexed to the affidavit of Barbara Lewis as Exhibit C. Lewis SMF ¶ 1 (admitted). The complaint alleged that Giroux had been injured by Alex and James Lewis at Barbara Lewis's residence. As against Barbara Lewis, the complaint further alleged that although Barbara Lewis had not been present in the residence when Giroux was injured, Barbara Lewis had a duty to provide reasonably safe premises, was aware of the risk of injury, and had negligently breached her duty. Giroux Complaint ¶¶ 5-8, 14-16. As against Alex and James Lewis,

---

[1] In this order Barbara Lewis's Statement of Material Facts dated October 5, 2018 shall be cited as "Lewis SMF." Allstate's Statement of Material Facts dated October 16, 2018 shall be cited as "Allstate SMF." Allstate's November 13, 2018 Rule 56(h)(2) response to Lewis's SMF shall be cited as "Allstate Opp. SMF," and Lewis's November 16, 2018 Rule 56(h)(2) response to Allstate's SMF shall be cited as "Lewis Opp. SMF." The Lewis Opp. SMF also included a statement of additional material facts ("Lewis SAMF") to which Allstate filed a Rule 56(h)(3) reply statement of material facts dated November 30, 2018 ("Allstate Reply SMF").

2

the complaint filed by Giroux asserted claims of negligence and assault and battery and alleged that the assault and battery had been committed with malicious intent. Giroux Complaint ¶¶ 18-26.

Although Giroux's complaint alleges that Alex and James Lewis had injured Giroux at Barbara Lewis's residence, the complaint does not allege that Alex and/or James Lewis themselves resided at that residence.[2]

On November 9, 2016 Barbara Lewis was insured by a homeowner's policy issued by Allstate, a copy of which is annexed as Exhibit A to Barbara Lewis's affidavit. Lewis SMF ¶ 5 (admitted). It is undisputed that Allstate became aware of the Giroux complaint and the claims against Barbara Lewis in that complaint because Allstate sent an April 3, 2018 letter to Barbara Lewis (Exhibit D to Barbara Lewis affidavit) declining to defend her in the action commenced by Giroux. Lewis SMF ¶¶ 16-17 (admitted).[3]

Barbara Lewis thereafter retained counsel to defend the Giroux action. She eventually settled the action for a payment of $20,000 and a stipulated judgment against her which Giroux agreed not to execute against Barbara Lewis personally.[4] Lewis SMF ¶¶ 20, 23. Lewis asserts that

---

[2] Barbara Lewis has separately admitted for purposes of summary judgment that her sons were living at her home at the time of the incident. Allstate SMF ¶ 11 (admitted). However, as discussed below, the allegations of the complaint – as opposed to any underlying facts that might be independently proven – are dispositive for purpose of resolving whether there was a duty to defend.

[3] Allstate had previously been sent a draft complaint provided to Barbara Lewis by counsel for Giroux and had sent Barbara Lewis a January 22, 2018 letter declining to defend Barbara Lewis on the claims alleged in the draft complaint. Allstate SMF ¶ 2; Lewis SMF ¶ 14 (both admitted). Although Allstate finds it significant that the draft complaint refers to a "vicious attack" by James and Alex Lewis, the comparison test to determine whether a duty to defend exists looks to the complaint that was filed and not to draft complaints that were not filed.

[4] Giroux contends that Allstate is liable for a stipulated $350,000 judgment against Barbara Lewis. That issue is the subject of cross-claims between Allstate and Giroux that are not the subject of the pending motions before the court.

3

she paid the $20,000 because she lacked the financial resources to defend Giroux's action through trial. Lewis SMF ¶ 21.[5]

Duty to Defend

In her motion for summary judgment, Barbara Lewis argues that, based on the Giroux complaint, Allstate had a duty to defend her under the terms of its policy. Whether an insurer has a duty to defend is a question of law. *Harlor v. Amica Mut. Ins. Co.*, 2016 ME 161, ¶ 7, 150 A.3d 793. The Law Court has described the duty-to-defend standard as follows:

> To determine whether an insurer has a duty to defend, a court considers and compares two documents: the insurance policy and the underlying complaint against the insured. An insurer has a duty to defend an insured when the complaint, read broadly in conjunction with the policy, reveals the existence of any legal or factual basis that could potentially be developed at trial and result in an award of damages covered by the terms of the policy.

*Id.* ¶ 8. The comparison test has a "'low' threshold for triggering an insurer's duty to defend." *Id.*

The relevant portion of the policy is in Section II, Coverage X "Family Liability Protection."[6] Under the policy Allstate will provide a defense when an insured person is sued for bodily injury arising from an "occurrence" – defined as "an accident . . . resulting in bodily injury or property damage." Policy p. 3 (definitions). There is a policy exclusion for "bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional acts or omissions of, any insured person." Maine endorsement p. 5. Notwithstanding the intentional act exclusion, coverage would exist if "under any circumstances" the injuries suffered by Justine

---

[5] Allstate's Opp. SMF neither admits nor denies paragraphs 20 and 21 of the Lewis SMF and only partially admits paragraph 23. However, Allstate has not controverted the assertions in those paragraphs with citations to any opposing facts in the record, and those paragraphs are therefore admitted for purposes of summary judgment. *Doyle v. Department of Human Services,* 2003 ME 61 ¶ 10, 824 A.2d 48.

[6] As noted above, the Allstate policy with its Maine endorsement is attached as Ex. A to the Barbara Lewis affidavit.

4

Giroux could constitute an accidental unintended consequence that would qualify as an "occurrence." *Gibson v. Farm Family Mutual Insurance Co.,* 673 A.2d 1350, 1353 (Me. 1996).

Comparing the policy language with the Giroux complaint, the court finds that there is a "possibility" that the liability claim against Barbara Lewis falls within the coverage provided by the Allstate policy. *See id.* at 1352. The claim against Barbara Lewis is that she negligently violated her duty to provide a reasonably safe premises. Barbara Lewis is not herself alleged to have committed any intentional act that would have implicated the policy exclusion for intentional acts or omissions. Moreover, even if the allegations against Barbara Lewis were without merit, Allstate's policy obligated it to provide a defense. Maine endorsement p. 4 ("if an insured person is sued for [covered] damages, we will provide a defense with counsel of our choice, even if the allegations are groundless, false, or fraudulent").

The only remaining issue is whether the policy exclusion for intentional acts or omissions would nevertheless apply because the actions of Alex and James Lewis were arguably intentional. First, it bears emphasis that while count III of the Giroux complaint alleges that Alex and James Lewis committed assault and battery against Giroux "with malicious intent," the preceding count of the Giroux complaint alleges only that Alex and James Lewis were liable for negligently injuring Giroux. On the face of the complaint, therefore, it would be possible for Giroux to recover on a theory of negligence even if she did not recover based on any intentional acts by Alex and James Lewis. In that event the intentional act exclusion would not be triggered.

Second, only Barbara Lewis is listed as a named insured on the Declaration page. The policy defines "insured person" as "you and, if a resident of your household, any relative." Policy p. 2 (definitions) (emphasis added). The Giroux complaint does not allege that Alex and James Lewis were residents of Barbara Lewis's household. As a result, the complaint – which is the sole

5

determinant of the claims for purposes of the duty to defend – did not establish that Alex and James Lewis were "insured persons." Since the policy exclusion for intentional acts or omissions only applies to "insured persons," on the face of the complaint the policy exclusion was not applicable. This is true even though, in her opposing statement of material facts, Barbara Lewis admitted that Alex and James were in fact living at her home at the time of the incident. Allstate SMF ¶ 11 (admitted by Lewis solely for purposes of Allstate's motion for summary judgment).

It follows that Barbara Lewis is entitled to summary judgment on her claim for a declaratory judgment that Allstate violated its contractual duty to defend her. She is also entitled to summary judgment dismissing Allstate's counterclaim. Allstate is therefore liable for the attorney's fees incurred by Barbara Lewis in litigating the Giroux complaint and also for Barbara Lewis's costs and attorney's fees in litigating her declaratory judgment claim in this case. 24-A M.R.S. § 2436-B(2).

This necessarily requires the denial of Allstate's cross-motion for summary judgment. Indeed, both Allstate's cross-motion and its two denial letters are based on language in a policy exclusion that is not applicable in Maine.[7] Allstate also argues that extrinsic evidence establishes that Alex and James Lewis were residents in their mother's home, that extrinsic evidence establishes that their assault on Justine Giroux was intentional, and that Allstate's duty to defend should not be triggered by artful pleading in the Giroux complaint. The short answer is that Allstate's resort to extrinsic evidence is foreclosed by Maine's well-settled rule that, for purposes

---

[7] The policy language relied upon by Allstate excludes "bodily injury . . . intended by, or which may reasonably be expected to result from the <u>intentional or criminal acts or omissions</u> of, any insured person." Policy p. 19. This language, however, has been specifically replaced in the Maine endorsement, which deletes any reference to "criminal acts." Maine endorsement, p. 5. Moreover, even in the absence of the Maine endorsement, the Giroux complaint does not allege that Alex and James Lewis were residents of Barbara Lewis's household and it therefore cannot be determined from the complaint that they qualified as "insured persons."

6

of the duty to defend, the court's scrutiny is limited to a comparison of the complaint and the policy language.[8]

## Consequential Damages

As noted above, the determination that Allstate violated its duty to defend means that Allstate is liable for the defense costs incurred by Barbara Lewis in Giroux v. Lewis, CV-18-71, and is also liable for Ms. Lewis's costs and attorney's fees in commencing and litigating her declaratory judgment claim in this case. Those amounts, unless agreed to, shall be determines in future proceedings.

Ms. Lewis is also seeking to have Allstate pay for the $20,000 that she paid as part of the settlement with Giroux. In her motion for summary judgment, Ms. Lewis has made a factual showing that she paid that amount because she lacked the financial resources to defend Giroux's action through trial – a showing that was not controverted by Allstate in its opposition to summary judgment.

Allstate argues, however, that as a matter of law Ms. Lewis is only entitled to reimbursement for any amount paid in settlement that Allstate was required to indemnify under the terms of its policy. Notwithstanding the factual showing made by Ms. Lewis, Allstate's position on this issue appears to be consistent with Maine law.

"An insurer's breach of the duty to defend does not, when analyzed pursuant to ordinary principles of contract law, necessarily warrant an award of damages to the insured in reimbursement of a judgment or settlement related to the ultimate question of the insured's liability." *Harlor*, 2016 ME 161, ¶ 22. Rather, the extent to which an insurer is liable for the amount

---

[8] In the court's experience, this is far from the first time that victims of criminal conduct have subsequently sought damages by framing civil complaints in terms of negligence.

of a settlement following a breach of the duty to defend is generally derived from the insurer's duty to indemnify. *Id.* The duty to indemnify subjects the insurer to liability only for the amount of a settlement that was "fairly allocable to the claims that were covered by the policy." *Id.* ¶ 23, citing *Charter Oak Fire Ins. Co. v. Hedeen & Cos.*, 280 F.3d 730, 738 (7th Cir. 2002). Consequently, an insurer who breaches a duty to defend retains the right to assert noncoverage as a defense to a claim for indemnification, but the insurer must assume the burden of proving noncoverage. *Id.* ¶ 24; *Elliott v. Hanover Insurance Co.,* 1998 ME 138 ¶ 11, 711 A.2d 1310.

In this case Allstate has demonstrated that there are disputed issues for trial on whether the amount paid in settlement by Barbara Lewis would be covered by the Allstate policy. In particular, if Alex and James Lewis were residents of Barbara Lewis's home when Justine Giroux was assaulted – a fact that Barbara Lewis admitted for purposes of summary judgment in its response to Allstate's motion, Lewis Opp. SMF ¶ 11 – they would qualify as insured persons under the Allstate policy. Moreover, there is, at a minimum, a dispute whether the aggravated assaults by Alex and James Lewis constituted intentional acts.[9] Depending on the circumstances of the assault on Justine Giroux, moreover, the court may be compelled to find that if the actions of Alex and James Lewis were intentional, bodily injury to Giroux would have been subjectively foreseen as practically certain to occur. *See Vermont Mutual Insurance Co. v. Ben-Ami,* 2018 ME 125 ¶ 17, 193 A.3d 178. Indeed, three members of the Law Court have suggested that as a matter of law, any intentional assault on an unsuspecting victim necessarily would fall within insurance

---

[9] Barbara Lewis argues that Alex Lewis could have been convicted of aggravated assault based on conduct that was reckless, rather than knowing or intentional. *See* 17-A M.R.S. § 208(1)(C). The same argument is not necessarily available with respect to the actions of James Lewis, who was convicted of elevated aggravated assault under 17-A M.R.S. § 208-B(1)(A). That section applies only to conduct that is either intentional or knowing.

exclusions for intentional acts. *Id.* at ¶¶ 25-29 (Mead, J., joined by Alexander and Jabar, JJ., concurring).

The entry shall be:

1. The motion of plaintiff Barbara Lewis for summary judgment on counts I and II of the complaint is granted. Barbara Lewis is also granted summary judgment dismissing the counterclaim filed by defendant Allstate Insurance Co.

2. Defendant Allstate Insurance Co. is declared to have violated its contractual duty under its homeowner's policy to defend Barbara Lewis in Giroux v. Lewis, CV-18-71 (Superior Court Cumberland) and is therefore liable for Barbara Lewis's defense costs in that action and her costs and attorney's fees in pursuing her claim for a declaratory judgment in the case at bar.

3. On Barbara Lewis's claim for recovery of $20,000 that she paid in partial settlement of Giroux v. Lewis, her motion for summary judgment is denied.

4. Defendant's cross-motion for summary judgment is denied.

5. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: March __6__, 2019

_____
Thomas D. Warren
Justice, Maine Superior Court

Entered on the Docket: 3/8/19 mc ✓

9